■ In the Matter of CHARLES OLIVER, Petitioner, v. JUSTICES OF THE NEW YORK SUPREME COURT OF NEW YORK COUNTY et al., Respondents.— Application for prohibition denied, cross motions to dismiss granted, and petition dismissed. The circumstances here reviewed, unprecedented so far as we are able to ascertain, may be stated quite simply. Petitioner stood trial for murder in Supreme Court, New York County and, in addition to the count of murder, the court charged the lesser included crime of manslaughter, first degree. Charged just after the opening of the court day, the jury deliberated all day except for interruptions for instruction and reading of testimony. · At the end of the day, the jury reported that a verdict had been reached as to one count. The court did not inquire further, but sent the jurors to dinner, after which deliberations resumed and were continued throughout the evening, interrupted for instruction, until about midnight, when the jury was discharged without objection as hopelessly deadlocked. Except for the early reference to a partial verdict, it was never spoken of again. Petitioner seeks now to prohibit a new trial on the ground of double jeopardy and a claimed acquittal. As to the "acquittal", it is based upon the affidavits of nine jurors that their unreported partial verdict was of acquittal on the murder count. This was not acquittal as defined by our law for it was not a verdict. A verdict must be "rendered and announced by the foreman of the jury in the courtroom", preceded by the foreman's assertion, in answer to the court's question, that the jury has agreed upon a verdict. (CPL 310.40, subd. 1.) After rendition, it must be recorded on the minutes (CPL 310.80), which was not done here. The difficulty with the procedure — or lack thereof — in this case is that the court was empowered to "refuse to accept a partial verdict * * * and order the jury to resume its deliberation" (CPL 310.70, subd. 1, par. [b], cl. [ii]), which is precisely what happened. While this is inconclusive, it is in accordance with statute, and placed the case in the same posture as though nothing had been said at all about a partial verdict. It would be sheer speculation to consider what might have happened had either side requested the taking of a partial verdict, but sometimes trial counsel are more interested in strategy than in the process of ascertaining truth. In the circumstances, finding no verdict, we find no acquittal. Finding only a mistrial declared upon a statement of deadlock, we find no jeopardy. Finding neither, we do not prohibit retrial. Further, we find a most frustrating situation: a hole in the statute permitting a Trial Justice to brush off a jury's report of a partial verdict. This hole may require repair, but it must be legislative repair, and this is not for us to do. The application for a writ of prohibition should be denied, and the cross motions to dismiss granted. Concur — Markewich, Capozzoli and Lane, JJ.; McGivern, P. J., and Nunez, J., dissent in the following memorandum by McGivern, P. J.: In my view, CPL 310.70 does not preclude the granting of any relief. And I believe that this section and section 310.80 should be read in such manner as not to work an infringement of the petitioner's right under the Fifth and Fourteenth Amendments of the Constitution of the United States, and section b of article I, of the Constitution of the State of New York. A retrial would also violate CPL 40.20 (subd. 1) which provides: "A person may not be twice prosecuted for the same offense". The record in this case discloses that the jurors clearly had reached a verdict of "not guilty" on the murder count, which the Trial Judge refused to accept. There was no manifest necessity to discharge a deliberating jury which had reached a partial verdict, without first allowing the verdict to be stated. Absent any such manifest necessity, further prosecution constitutes double jeopardy. (*Matter of Nolan* v. *Court of General Sessions of County of N. Y.*, 11 N Y 2d 114,

118.) Furthermore, none of the designated grounds on which a "deliberating jury" may be lawfully discharged before rendition of a verdict here exists. The petitioner was neither requested to give, nor did he give his consent, to a discharge of the jury. (*People ex rel. Stabile* v. *Warden of City Prison of City of N. Y.*, 139 App. Div. 488, 493, affd. 202 N. Y. 138; CPL 310.60, subd. 1.) In the light of the latter section of the Criminal Procedure Law, it is clear that under CPL 310.70, a trial court may not peremptorily ignore a partial verdict of the jury, as occurred in this case. The court's discretion under CPL 310.70 (subd. 1, par. [b], cl. |[ii]]) to "refuse" a partial verdict, "at the time" it is reached, if there is a reasonable possibility of agreement on an unresolved count by further deliberation, simply authorizes the court to *defer* rendition of the verdict, until such reasonable possibility disappears. At that point, the verdict must be rendered, before the jury is discharged. Here, the court declined to accept a partial verdict. And full significance must be given to the fact that we here deal with a one-count murder indictment where manslaughter was simply also submitted as a lesser included offense under CPL 300.50 The partial determination reached by the jury, perforce, had to be on the murder count, for if the defendant had been found guilty on that count there would have been no occasion for further deliberation. This obvious conclusion is fully supported by the affidaivts of nine jurors, as is noted by the majority. In petitioner's case, the lesser included offense of manslaughter constitutes a concurrent count, and not a "consecutive count", for which reason a retrial on the unresolved manslaughter count should not be permitted. If the partial verdict had been rendered, as required by CPL 310.70 (subd. 1), then, regardless of the nature of the verdict, a retrial on the unresolved count of manslaughter would be precluded under CPL 310.70 (subd. 2) in view of the definition of "consecutive", as defined in CPL 300.30 (subd. 2). (See Penal Law, § 70.25.) Accordingly, I find that the discharge of the jury was equivalent to an acquittal. As stated by the Court of Appeals in *People ex rel. Stabile* v. *Warden of City Prison of City of N. Y.* (202 N. Y. 138, 151): "Although the discharge of the jury was not in form an acquittal of the defendant, it was in effect such an acquittal." Thus, I would dismiss the cross motion to dismiss the petition, grant the writ of prohibition and enjoin further prosecution of petitioner on the ground of double jeopardy.