■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH McCLARIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered September 10, 1984, convicting him of robbery in the first degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court erred in denying his motion to suppress evidence of lineup identifications made by the two complaining witnesses who testified at trial.

We disagree. The standard for determining whether an identification procedure is improperly suggestive is whether it was conducted in such a way that there is a substantial risk of irreparable misidentification (see, Neil v Biggers, 409 US 188; People v Adams, 53 NY2d 249). Based on the totality of the circumstances in this case, we conclude that no such risk existed here. While it is true that one of the witnesses described the defendant to the police as wearing cutoff jeans and the defendant was the only one who wore cutoff jeans in the lineup, two of the other subjects also wore shorts that were similar in length to those worn by the defendant; furthermore, an inspection of a photograph of the lineup clearly indicates that the defendant's attire did not render his appearance conspicuous. We further note that the fact that the defendant was wearing cutoff jeans at the time of the incident was only one of many elements which comprised the witness's description of him. Finally, the defendant was not coerced by the police into wearing cutoff jeans at the lineup but rather chose to do so (cf., United States ex rel. Cannon v Smith, 527 F2d 702).

The defendant's further contention that the court erred in failing to grant his motion for a severance is similarly without merit. Joinder of the charges based upon the robberies perpetrated against each of the complaining witnesses in a single indictment was proper in this case because the two offenses were of such a nature that proof of one of them would be material and admissible as evidence-in-chief upon a trial of the other (see, CPL 200.20 [2] [b]).

The sentence imposed on the defendant was not excessive under the circumstances (see, People v Suitte, 90 AD2d 80).

We have reviewed the defendant's remaining contention and conclude that it is without merit. Mangano, J. P., Lawrence, Kooper and Harwood, JJ., concur.