■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WENDY L. MEDLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Facelle, J.), rendered September 6, 1988, convicting her of robbery in the first degree, robbery in the second degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

"The standard for determining whether an identification procedure is improperly suggestive is whether it was conducted in such a way that there is a substantial risk of irreparable misidentification" (People v McClarin, 157 AD2d 747, 748). Based on the totality of the circumstances in this case, we conclude that no such risk was present here. Significantly, the complainant testified that he had an opportunity to clearly see the defendant's face and that he recognized her from the neighborhood. Where the defendant and the complainant were known to each other before the crime, suggestiveness is not a concern (see, People v Gissendanner, 48 NY2d 543, 552; see also, People v Tas, 51 NY2d 915; People v Lang, 122 AD2d 226).

Further, viewing the evidence adduced at trial in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Mangano, P. J., Bracken, Kunzeman and Kooper, JJ., concur.