OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, and the judgment of Supreme Court, Queens County, reinstated.
We recently held that it is within the scope of a court officer’s "administerial duties” (CPL 310.10) to tell deliberating jurors, at the court’s direction, that they should stop deliberating because they were going to be taken to dinner and sequestered for the evening (People v Bonaparte, 78 NY2d 26). It was likewise within the administerial duties of the court officer in this case — decided by the Appellate Division before our Bonaparte decision was rendered — to tell the jurors that they should stop deliberating and that they could start deliberating when they returned to court in the morning.
We noted in Bonaparte (supra), and restate here, that while *992 the defendant’s right to be present at a material stage of this trial was not violated, the "better practice, and the one that should be followed in the future, would be for the court, in the presence of the defendant and his counsel, to notify the jurors that they are going to be sequestered for the evening and to instruct them as to their duties and obligations during this period, including their duty to refrain from discussing the case among themselves or with others.” (78 NY2d, at 32.) On the present record, the trial court’s instruction, which evoked no protest from defense counsel, does not require a new trial.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacos a concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.