■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered October 12, 1988, convicting him of murder in the

second degree (two counts), attempted robbery in the first degree, possession of weapons and dangerous instruments and appliances as a felony, and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report on the issue of the sequestration of the jury, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, is to file its report with all convenient speed.

The defendant contends that reversal is warranted on the ground that the jury was improperly sequestered for the evening in his absence. The record reveals that the defendant, who was acting as his own counsel, was remanded at 5:45 P.M., on September 19, 1988, while the jury was still deliberating. The court then stood in recess. The next entry in the record states, "(Whereupon, the jury was sequestered at 6:25 P.M. to continue deliberations at 9:30 A.M., September 20, 1988.)".

The next morning, the defendant immediately moved for a mistrial on the grounds that the jury had been sequestered in his absence, that the court may have improperly authorized a court officer to instruct the jury upon sequestration, and/or that the court may have failed to deliver sequestration instructions to the jury.

In *People v Bonaparte* (78 NY2d 26), at the direction of the trial court, a court officer informed the jurors that they were going to be sequestered for the evening. Because the court officer did not attempt to convey any legal instructions to the jury, the Court of Appeals held that "there was no improper delegation of judicial authority and the defendant's presence was not required when the court officer spoke to the jury" *(People v Bonaparte, supra,* at 31). While the Court of Appeals cautioned that "[t]he better practice, and the one that should be followed in the future, would be for the court, in the presence of the defendant and his counsel, to notify the jurors that they are going to be sequestered * * * and to instruct them as to their duties and obligations during this period" *(People v Bonaparte, supra,* at 32), it concluded that reversal was not warranted *(see also, People v Nacey,* 78 NY2d 990). Since it cannot be determined from the record at bar what exactly happened when the jury was sequestered, the matter is remitted to the trial court to hear and report on the events surrounding the sequestration.

As the appeal is being held in abeyance, we will postpone

addressing the other issues raised by the defendant until the Supreme Court submits its supplemental record. Lawrence, J. P., Miller, Ritter and Copertino, JJ., concur.