■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS MARCHESE, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Leahy, J.), rendered August 21, 1986, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence, and (2) an order of the same court, dated January 28, 1991, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that, on the court's own motion, the defendant's motion for leave to file an "addendum" to his pro se brief is deemed an application for permission to appeal from the denial of his motion pursuant to CPL 440.10 to vacate the judgment, the application is referred to Justice O'Brien, and leave to appeal is granted by Justice O'Brien; and it is further,

Ordered that the appeal from the denial of the CPL 440.10 motion is deemed perfected on the briefs and appendix submitted by the parties; and it is further,

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report on the issue of whether sequestration instructions were given to the jury in the defendant's absence; and it is further,

Ordered that the Supreme Court, Queens County, shall file its report with this court with all convenient speed; and it is further,

Ordered that the appeals are held in abeyance in the interim.

While his direct appeal from the judgment of conviction was pending, the defendant moved pursuant to CPL 440.10 to vacate the judgment on several grounds, including the claims that the jury was sequestered for the night without appropriate instructions and that the court delivered sequestration instructions to the jury in his absence. The motion was denied without a hearing on January 28, 1991, and, less than a month later, the defendant sought permission to file an "addendum" to his *pro se* brief on the direct appeal, raising the same issues. We deem that motion to be a request for leave to appeal from the denial of the CPL 440.10 motion, and permission to appeal is granted.

We conclude that the court erred in denying the defendant's CPL 440.10 motion without a hearing *(see,* CPL 440.30 [5]). The trial transcript indicates that the defendant was remanded after the jury returned to the jury room to continue deliberations, there was an off-the-record bench conference with the prosecutor and the defense counsel, and then the court recessed. Following the recess, the trial transcript simply states "(at 5:00 P.M., the jury retired for the evening)". In denying the defendant's motion pursuant to CPL 440.10, the trial court stated that "at the time the jury was sequestered, defense counsel was present in the courtroom, was informed that the jury would be sequestered, and had no objection."

To the extent that the defendant claims that the court failed to deliver sequestration instructions, the record establishes that this issue is unpreserved for appellate review *(see, People v Nacey,* 78 NY2d 990; *People v Bonaparte,* 78 NY2d 26; *People v Ford,* 78 NY2d 878). However, the record is inadequate to determine the validity of the defendant's alternative claim that if sequestration instructions were given, those instructions were delivered to the jury in his absence *(see, People v Bonaparte, supra).* We therefore remit the matter to the Supreme Court, Queens County, for a hearing to determine this issue. The appeals are held in abeyance in the

interim. Kunzeman, J. P., Kooper, Lawrence and O'Brien, JJ., concur.