■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMANUEL MCADOO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jackson, J.), rendered April 23, 1990, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement to law enforcement officials.

Ordered that the judgment is affirmed.

The trial record reveals that, at the conclusion of the first day of deliberations, the jury was sequestered without the court reconvening. During the second day of deliberations, the court reconvened twice, once to respond to a request for a readback of testimony and once to receive the verdict. The defendant did not protest the sequestration procedure at either juncture. However, he now complains on appeal that the court erroneously failed to deliver sequestration instructions to the jury or, if it did deliver them, it improperly did so in his absence.

Because he failed to raise any objection at trial, the defendant's present claim that no instruction was delivered is unpreserved for appellate review as a matter of law (see, *People v Bonaparte*, 78 NY2d 26; *People v Marchese*, 176 AD2d 759). Moreover, there is no indication in the record that sequestration instructions were given in his absence. While we find that the circumstances of this case do not warrant a new trial, we wish to emphasize that it is the better practice for the court, in the presence of the defendant and his counsel, to notify the jurors that they are going to be sequestered and that they should cease deliberations during that period (see, *People v Nacey*, 78 NY2d 990; see also, *People v Bonaparte*, supra).

The defendant also argues that the court should have suppressed a statement he made to the arresting police officer before he was given *Miranda* warnings. We disagree. The hearing record fully supports the hearing court's determination that the statement was spontaneous and not, as the defendant contends, the product of custodial interrogation (see, *Rhode Is. v Innis*, 446 US 291; *People v Prochilo*, 41 NY2d 759; *People v Yukl*, 25 NY2d 585, *cert denied* 400 US 851). Kunzeman, J. P., Sullivan, Lawrence and Balletta, JJ., concur.