■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
NEKYON BELGRAVE, Appellant.—Appeal by the defendant from
a judgment of the Supreme Court, Kings County (Pincus, J.),
rendered August 11, 1988, convicting him of murder in the
second degree and criminal possession of a weapon in the
second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At the conclusion of the jury charge, the court instructed
the jurors to begin their deliberations. In addition, the court
stated: "If there are any questions or additional instructions
you need as to this evening [the court officer] will give it to
you and he will be reporting back to me in a few minutes".
The jury was then excused.

Thereafter, the court officer returned to the courtroom and
stated: "In talking with the jurors, I had given them the
alternative of either going to dinner now or coming back to
deliberate, the jurors decided they'd rather go to the hotel
right after dinner". The case was then adjourned until the
following morning. The defendant never objected to this se-
questration procedure.

On appeal the defendant argues that the court committed
reversible error by delegating a nonministerial duty to the
court officer. We disagree.

Despite the fact that the court authorized the court officer
to provide the jury with "additional instructions [they would]
need as to this evening", there is no indication in the record
that the court officer delivered sequestration instructions to
the jury, and thus, there is no reason to disturb the defen-
dant's conviction (see, People v Bonaparte, 78 NY2d 26; People
v McAdoo, 178 AD2d 558). However, while we find that the
circumstances of this case do not warrant a new trial, we
emphasize that it is the better practice for the court, in the
presence of the defendant and his counsel, to notify the jurors
that they are going to be sequestered and that they should
cease deliberations during that period (see, People v Nacey, 78
NY2d 990; see also, People v Bonaparte, supra).

Further, the defendant's contention that the verdict sheet
submitted to the jury was not proper is not preserved for
appellate review as a matter of law since the defendant failed
to object to its submission (see, People v Lugo, 150 AD2d 502;
People v Mathis, 150 AD2d 613). We decline to exercise our
interest of justice jurisdiction to review the defendant's claim
given the overwhelming evidence of the defendant's guilt (see,
People v Lugo, supra; People v Mathis, supra). Bracken, J. P.,
Sullivan, Lawrence and Eiber, JJ., concur.