■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered October 12, 1988, convicting him of murder in the second degree (two counts), attempted robbery in the first degree, possession of weapons and dangerous instruments and appliances as a felony, and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence. By decision and order of this court dated October 15, 1991, the case was remitted to the Supreme Court, Queens County, to hear and report on the issue of the sequestration of the jury, and the appeal was held in abeyance in the interim *(People v Smith,* 176 AD2d 834). The Supreme Court, Queens County, has now complied.

Ordered that the judgment is affirmed.

Following the hearing concerning the sequestration of the jury, the court found that at approximately 6:00 P.M., the court officer, at the court's instruction, told the jurors to stop deliberating as they would be sequestered for the evening and that they should follow all of the court's prior instructions. The court further found that no additional instructions were given by the court officer.

Since the court officer did not "attempt to convey any legal instructions to the jury or to instruct them as to their duties and obligations upon sequestration or otherwise" *(People v Bonaparte,* 78 NY2d 26, 31), it cannot be said that the defendant was absent during a material stage of the trial *(People v Bonaparte, supra).* Moreover, the court did not improperly delegate its authority by having the court officer issue such ministerial directions to the jury *(see, People v Ford,* 78 NY2d 878, 880).

As we have noted, "it is the better practice for the court, in the presence of the defendant and his counsel, to notify the jurors that they are going to be sequestered and that they should cease deliberations during that period" *(People v McAdoo,* 178 AD2d 558, 559; *see also, People v Nacey,* 78 NY2d 990). But the court's failure to do so in the instant case does not warrant a new trial. Although no instructions were given to the jury at the time of sequestration, the trial court admonished the jury about its obligations in its preliminary instructions and on 12 separate occasions during trial. Thus, the defendant was not prejudiced by the court's failure to instruct the jury similarly at the time of sequestration.

The defendant also contends that proof of uncharged crimes was improperly admitted to support the charge of criminal possession of stolen property in the second degree. At trial, a police witness testified that a few weeks prior to the charged crimes, he was robbed at gunpoint and his revolver was taken. This revolver was determined to be the one used to kill the off-duty police officer in the present case. The witness could not identify his assailant, but was permitted to provide a general description of him, a description which matched the defendant. This testimony was adduced to show that the weapon in the instant case was stolen. The prosecutor never sought to use this evidence for any impermissible purpose and the defendant failed to request any limiting instruction. Assuming, arguendo, that the admission into evidence of the description testimony was error *(see, People v Molineux,* 168 NY 264, 293; *People v Alvino,* 71 NY2d 233, 241), we find that the error is harmless beyond a reasonable doubt given the overwhelming proof of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230). Lawrence, J. P., Miller, Ritter and Copertino, JJ., concur.