■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENTYLE BOYKIN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant has not preserved his contention that the prosecutrix's race-conscious argument on summation deprived him of a fair trial (see, CPL 470.05 [2]), and we decline to reach the issue as a matter of discretion in the interest of justice (see, CPL 470.15 [6]).

Defendant did not object to the court's failure to instruct

the deliberating jury concerning its duties during the dinner break and sequestration period, and made no request of the court to so instruct the jury. Thus, the issue is not preserved for review *(see, People v Bonaparte,* 78 NY2d 26, 32). Were we to reach this issue, we would conclude that the trial court's failure to provide sequestration instructions does not require a new trial *(see, People v Bonaparte, supra; People v Nacey,* 78 NY2d 990, 992).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we conclude that defendant's conviction of assault in the second degree is supported by legally sufficient evidence. Defendant's sentence was neither harsh nor excessive. (Appeal from Judgment of Erie County Court, D'Amico, J.—Attempted Murder, 2nd Degree.) Present—Green, J. P., Pine, Boehm, Fallon and Davis, JJ.