■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS MARCHESE, Appellant.—Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Leahy, J.), rendered August 21, 1986, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence, and (2) an order of the same court, dated January 28, 1991, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction. By decision and order of this court dated October 7, 1991, the case was remitted to the Supreme Court, Queens County, to hear and report on the issue of whether sequestration instructions were given to the jury in the defendant's absence, and the appeals were held in abeyance in the interim (see, People v Marchese, 176 AD2d 759). The Supreme Court, Queens County, has now complied. Presiding Justice Mangano and Justice Bracken have been substituted for former Justice Kunzeman and the late Justice Kooper (see, 22 NYCRR 670.1 [c]).

Ordered that the judgment and the order are affirmed.

The record of the hearing concerning the sequestration of the jury established that the court did not reconvene to deliver sequestration instructions in the defendant's absence. Rather, it appears that a court officer, at the court's direction, told the jurors that they were sequestered for the evening and that they should not resume deliberations until they returned to the jury room the following morning. The court officer testified that he did not deliver any further instructions to the jury.

Since there is no indication that the court officer attempted "to convey any legal instructions to the jury or to instruct them as to their duties and obligations upon sequestration or otherwise" (see, People v Bonaparte, 78 NY2d 26, 31), it cannot be said that the defendant was absent during a material stage of the trial (see, People v Bonaparte, supra; People v Smith, 181 AD2d 844). Moreover, the court did not improperly delegate its authority by having the court officer issue such ministerial directions to the jury (see, People v Bonaparte, supra).

Although the circumstances of this case do not warrant a new trial, we wish to emphasize that "it is the better practice for the court, in the presence of the defendant and his counsel, to notify the jurors that they are going to be sequestered and that they should cease deliberations during that period" (People v McAdoo, 178 AD2d 558, 559; see also, People v Nacey, 78 NY2d 990).

The defendant also contends that the evidence adduced at the trial was legally insufficient to support his conviction. Specifically, he contends that the testimony of the People's sole eyewitness, an admitted narcotics abuser, was incredible as a matter of law. We disagree.

The defendant claims that the eyewitness's testimony was riddled with contradictions. However, the eyewitness's direct testimony was clear and lucid. On cross-examination, the witness confirmed the details of the incident. Therefore, it cannot be said that the witness's testimony was full of "hopeless contradictions", and the witness should not be deemed incredible as a matter of law (see, People v Ledwon, 153 NY 10, 21; People v Foster, 64 NY2d 1144).

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions, including those raised on remittitur, and those raised by the defendant pro se, are either unpreserved for appellate review or without merit. Mangano, P. J., Bracken, Lawrence and O'Brien, JJ., concur.