■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO SABATER, Appellant. [600 NYS2d 705] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered May 13, 1991, which convicted defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentenced him to an indeterminate prison term of 6 to 12 years, unanimously reversed, on the law and facts, and the matter remanded for a new trial to be preceded by a fact-finding hearing with respect to the propriety of the seizure of defendant and of his identification.

Defendant was arrested after the sale of three vials to an undercover officer. Another officer witnessed the exchange, followed the seller to a building less than a block away, radioed his field team, and identified defendant who had been taken from the building by the field team. The purchasing officer also identified defendant. Defendant moved to suppress

any identification as the result of the unlawful seizure of his person and as being improperly suggestive. His attorney has affirmed that defendant had been asleep in his apartment when the police entered and pulled him from his bed. Such an allegation raises an issue of fact on which a hearing should be held; at such hearing the issue of whether there was any suggestiveness in the identifications may also be considered.

During jury selection the court, despite counsel's request to have appellant present, ordered counsel to begin exercising challenges even though defendant had not been produced. This was not a mere preliminary communication to the court of challenges later to be effectuated but was the exercising of the challenges themselves, a material part of the trial *(see, People v Velasco,* 77 NY2d 469, 473). Indeed, a defendant's right to be present at side-bar questioning of jurors has been upheld on the grounds that what he could learn in such process could be "critical in making proper determinations in the important and sensitive matters relating to challenges for cause and peremptories" *(People v Sloan,* 79 NY 386, 392; *see, People v Antommarchi,* 80 NY2d 247, 250).

Although the court subsequently asked defendant whether the jurors selected were satisfactory, this should not be regarded as a ratification of challenges exercised in the absence of a defendant. Defendant was denied his statutory (CPL 260.20) and constitutional right to be present at a material stage of the trial *(see, People v Turaine,* 78 NY2d 871, 872). Concur—Rosenberger, J. P., Wallach, Ross, Kassal and Nardelli, JJ.