■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONOVAN BROWN, Appellant. [609 NYS2d 2] —Judgment, Supreme Court, Bronx County (John Collins, J.), rendered May 30, 1991, convicting defendant, after a jury trial, of attempted robbery in the first degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The side-bar questioning of several prospective jurors outside of defendant's presence is not reversible error, jury selection having occurred prior to October 27, 1992 (People v Mitchell, 80 NY2d 519, 529), and it makes no difference that defendant objected to his exclusion. We also note that the venirepersons· involved did not serve on the jury (People v Perez, 196 AD2d 781).

Defendant's contention that the court impinged his right of appeal by denying his request to make a record of the entire voir dire is also without merit, the record being sufficiently complete to allow appellate review of the trial court's rulings. In any event, regardless of the record, there can be no review

of the court's denial of defendant's for-cause challenges since he did not exhaust his peremptory challenges (CPL 270.20 [2]).

Nor did the court abuse its discretion in refusing to preclude the People from seeking a ruling on the admissibility of any bad acts committed by defendant of which the People had not yet learned by the time of the *Sandoval* hearing. While CPL 240.43, which merely requires the prosecutor to divulge anything "of which [he or she] has knowledge", does not address the introduction of later-discovered information, neither does it preclude such information, and we find the trial court's pragmatic approach entirely reasonable.

Finally, the court's refusal to adjourn the trial a second time did not deny defendant the right to participate meaningfully at trial where, after receiving medical treatment, his bruises, in the court's view, were too insignificant to prejudice the jury and his pain seemed minimal. Nor was the court required to hold a competency hearing, which was never requested, there being no indication that defendant was unable to understand the proceedings or could not consult with his lawyer with a reasonable degree of rational understanding *(Dusky v United States,* 362 US 402). Concur—Carro, J. P., Ellerin, Wallach, Kupferman and Nardelli, JJ.