◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HILDEN MENDEZ, Appellant. [617 NYS2d 5] —Appeal from judgment, Supreme Court, Bronx County (George Covington, J.), rendered April 13, 1992, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree, assault in the second degree, and criminal possession of a weapon in the second degree, and sentencing him, as a predicate felony offender, to concurrent terms of 25 years to life, 12½ to 25 years, 3½ to 7 years, and 7½ to 15 years, respectively, unanimously held in abeyance, and the matter remanded to Supreme Court for a reconstruction hearing.

We find no impermissible suggestiveness in the fact that defendant's photo was the only one in the array with a height chart rather than a white background, a difference that could not have directed the identifying witness to defendant *(see, Matter of Christopher E.,* 163 AD2d 385, *lv denied* 76 NY2d 712), since the witness had recognized, described and identified defendant by his street name. Nor do we find any infirmity in the lineup identification arising out of a purported difference in skin tones between defendant and all the fillers, since skin tone was not a feature the witnesses had used to describe the perpetrator *(cf., People v Owens,* 74 NY2d 677), and, when considered with other descriptive features shared by defendant and the fillers, did not in any event create a substantial likelihood that defendant would be singled out for identification *(People v Chipp,* 75 NY2d 327, 336, *cert denied* 498 US 833).

Although defendant was excluded from certain robing room discussions with prospective jurors during the voir dire. this case preceded the ruling in *People v Antommarchi* (80 NY2d 247), which is not retroactively applied *(People v Mitchell,* 80 NY2d 519), and thus, despite defendant's objection, his exclusion is not reversible error *(People v Brown,* 202 AD2d 266). We note the preliminary robing room discussions were followed by formal challenges in open court *(People v Velasco,* 77 NY2d 469, 473), during which defendant was present and could participate *(compare, People v Sabater,* 195 AD2d 417), and that the subject venirepersons were not in any event selected *(People v Brown, supra).*

The court erred in conducting an ex parte examination of a

prosecution witness to determine whether he had been intimidated. Although such an inquiry should not be foreclosed when it does not bear on the witness' credibility or otherwise on the fullness of the defendant's opportunity to defend *(see, People v Lovett,* 192 AD2d 326, *lv denied* 82 NY2d 722), that was not the case here. However, since the witness in question was an identification witness who did not in fact identify defendant in court, the error does not warrant reversal.

The court correctly decided not to submit manslaughter in the second degree as a lesser included offense of depraved indifference murder (CPL 300.50), defendant's conduct having clearly posed a grave risk of death *(see, People v Roe,* 74 NY2d 20), and there being no evidence that could reasonably support a finding that defendant acted recklessly rather than wantonly.

At the close of the first day of the jury's deliberations, the court officer directed the jurors to cease deliberations, after which they retired to a hotel. The record contains the cryptic notation that the court officer "delivered to the jury the admonition of the court in standard fashion", without any further elaboration. Neither defendant nor counsel were present when the "admonitions" were given or when the notation was recorded. The questions presented for review are whether the court improperly delegated to a court officer the duty to provide sequestration instructions to the jury, and whether a material stage was thereby conducted out of defendant's presence. If the court officer had merely directed the jury to cease deliberations *(People v Bonaparte,* 78 NY2d 26), or even directed the jury to follow all of the court's prior instructions without added legal gloss of his or her own *(People v Smith,* 181 AD2d 844, *lv denied* 81 NY2d 1080), such would not have been a departure from the court officer's exercise of his or her standard ministerial duties. However, if the court officer embellished such an unadorned directive with additional instructions containing legal content, such would not only have usurped the court's statutory and exclusive duty to instruct the jury, but also would have constituted a material stage of proceedings conducted in defendant's absence *(People v Torres,* 72 NY2d 1007), requiring a new trial. Since the issue evades harmless error analysis *(supra),* and the spare record of the claim is ambiguous, we remand the question for a reconstruction hearing and hold the appeal in abeyance.

To the extent that defendant challenges the court's failure to provide sequestration instructions, the issue is not preserved for review *(People v Bonaparte, supra).*

We have examined defendant's remaining claims and find that they do not warrant corrective action. Concur—Rosenberger, J. P., Ellerin, Ross, Rubin and Nardelli, JJ.