■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HILDEN MENDEZ, Appellant. [627 NYS2d 345] —Upon remand by this Court for a reconstruction hearing, in an order dated October 4, 1994, to the Supreme Court, Bronx County *(see, People v Mendez,* 208 AD2d 358), and upon completion of said hearing, the judgment of the Supreme Court, Bronx County (George Covington, J.), rendered April 13, 1992, convicting defendant after a jury trial, of murder in the second degree, attempted murder in the second degree, assault in the second degree, and criminal possession of a weapon in the second degree, and sentencing him, as a predicate felony offender, to concurrent terms of 25 years to life, 12½ to 25 years, 3½ to 7 years, and 7½ to 15 years, respectively, is unanimously affirmed.

At the close of the first day's deliberations by the jury, the court officer directed the jurors to cease their deliberations, after which they retired to a hotel. In view of the fact that the record contained the "cryptic notation" *(supra,* at 359) that the court officer "delivered to the jury the admonition of the court in standard fashion", without any further elaboration, we held the appeal in abeyance and remanded to the Supreme Court for a reconstruction hearing to determine whether the court improperly delegated to a court officer the duty to provide sequestration instructions to the jury.

The court reporter who recorded the minutes of the defendant's trial at the close of the first day of the jury's deliberations testified that the portion of the record containing the "cryptic notation" was *not* contained in his original stenographic notes of the trial and that he had no personal knowledge of anything that occurred between the court officers and the jury. The court reporter stated that the record did not reflect the statements of anyone, that he simply assumed that the court officers gave the jury members some type of admonition but that there was no event that "prompted" him to make the notation in the transcribed record of the trial, which was typed "[m]uch after the event". He explained that his reason for placing the notation in the transcribed record was simply "for the sake of clarity * * * to end the transcript for the day in a clear fashion". The court officers, who also testified, had no independent recollection of the events. Defendant's request to examine the jurors was properly denied by the hearing court. Absent an offer of proof, and with no indication of any improper instruction, the court correctly

declined to interrupt the jurors' lives three years after the completion of their service.

Since, in view of the court reporter's uncontradicted testimony at the reconstruction hearing, there is no record of "any question of law or issue of fact involving error or defect in the * * * proceedings which may have adversely affected the appellant" (CPL 470.15 [1]), there remains no appealable issue. The "cryptic notation" was fully explained at the reconstruction hearing. Therefore, there are no questions presented as to whether the court improperly delegated to a court officer the duty to provide sequestration instructions and whether a material stage was thereby conducted out of the defendant's presence (see, People v Mendez, supra, at 359).

In our prior decision and order we dealt with and rejected all the remaining contentions raised by defendant (People v Mendez, supra). Concur—Rosenberger, J. P., Ellerin, Ross, Rubin and Nardelli, JJ.