*186 OPINION OF THE COURT
Ronald J. Aiello, J.
Defendant moves to set aside the jury’s verdict of guilty on one count of sexual abuse in the first degree, pursuant to CPL 330.30. In addition to the determination on the count defendant wishes to upset, the jury rendered a verdict acquitting him of one count of rape in the first degree and two additional counts of sexual abuse in the first degree. All of the charges relate to one incident between the defendant and complainant that took place on July 28, 1992.
In deciding this motion, the court must address two issues:
(a) does the failure of the jury to announce its initial verdict of acquittal on all counts require the rendered verdict be set aside based on the unique facts surrounding the verdict; and
(b) . is the guilty verdict on one count of sexual abuse so repugnant and inconsistent with the findings on the other counts that vacatur is mandated?
The facts leading to the verdict are not disputed by either party. The jury was charged and commenced its deliberations on March 20, 1995.
The jury continued its deliberations into March 21st and 22nd, when a note was sent to the court indicating a deadlock. The jury was directed to continue deliberating. At approximately 9:45 p.m. the court told the jurors to cease deliberations and continue in the morning.
At this point, a disturbing chain of events was set in motion. The jurors returned to the deliberating room to retrieve personal items. Within some few minutes, the jury advised the court officer that it had reached a verdict and wished to render it to the court immediately. The officer advised his supervisor who told the jurors, without attempting to reach the court, that they could not give the verdict until the next morning. It must be emphasized that no attempt to notify the court or the clerk was made, although the court had recessed only minutes earlier.
At this point, one of the jurors grabbed the verdict sheet and announced that if the verdict could not be given that night, she would not agree to the verdict.
Both Judge and clerk were in the courthouse at the time these events occurred, but were not apprised thereof until the following morning. Upon being so advised, the court officers were directed to recover the original verdict sheet, a court *187 exhibit. The sheet indicated a verdict of not guilty on all counts.
At approximately 12:00 noon on March 23rd, the jury presented a note indicating it was deadlocked. The court recounted to the jury and counsel the events of the night before and told the jury to continue its deliberations. Later that day, the jury rendered a verdict as indicated. This verdict was recorded in the court’s minutes.
The first issue before the court then is whether the actions of court personnel have so tainted the rendered verdict as to require reversal by an appellate court, in which case this court is authorized to vacate the verdict under CPL 330.30.
It is settled law that a court officer cannot be delegated any function properly judicial with respect to jury deliberations (People v Marchese, 185 AD2d 899; People v Bonaparte, 78 NY2d 26), and any such delegation results in reversal. Certainly, the arrogation of the court’s duties by court personnel must bear similar result. The announcement of the verdict by the jury foreman to the court officer, and, subsequently, to the sergeant should have immediately been reported to the court —especially in light of the time frame — only minutes had passed since the court recessed. The court thus finds that the failure of the court officers to contact the court and advise it of the jury verdict, choosing instead to instruct the jury that the verdict could not be delivered until the next morning, was not a ministerial act, but an improper usurpation of a judicial function, which indeed resulted in an angry juror reacting impetuously to the direction.
This usurpation of a function of the court also deprived the defendant of his right to be present during all critical stages of his trial, which includes the right to be present when the jury receives instructions. (People v Harris, 76 NY2d 810.)
The fact that the initial verdict was not announced, received and recorded (CPL 310.80), although proper procedure, is not determinative since only the interference of court personnel prevented the statutory procedure from being followed.
Obviously, if the initial verdict of acquittal were rendered it would have been announced and the jury polled as outlined by statute. It was not done as a result of the usurpation of judicial authority by court personnel and not as a result of any failure of the court or defendant. Thus, such failure cannot be fatal to the defendant’s application. (See, Matter of Oliver v Justices of N Y. Supreme Ct., 44 AD2d 823, affd 36 NY2d 53.)
*188 In the case at bar, the foreman was ready to deliver the jury’s verdict, all agreeing, and the court would have received and recorded such verdict, in accordance with CPL 310.80 but for the actions of the court officers charged with the responsibility of supervising the deliberating jurors (CPL 310.10). These events, through no fault of the defendant who was severely prejudiced thereby, aborted the ability of the jury to render the verdict.
It has long been the law in this State that the trial court has the responsibility to supervise rendition of verdicts to prevent doubtful findings from being entered (People v Salemmo, 38 NY2d 357). The court, faced with the prejudice to the defendant from these events, cannot allow the verdict to stand, even though it was not formally placed on the record.
Aside from the considerations discussed supra, to allow the second verdict of guilty to stand after the rendering of the initial verdict of acquittal was blocked, would, in the opinion of the court, violate the most fundamental concept of double jeopardy (United States v Martin Linen Supply Co., 430 US 564, 570). For there is no requirement of a formal judgment after an acquittal to call double jeopardy considerations into play. (See, Green v United States, 355 US 184.) The formal acceptance of the initial verdict was blocked through no fault of the court or the defendant thereby placing him in jeopardy again. The conviction must, therefore, be vacated and a judgment of acquittal entered.
To hold otherwise would allow an injustice to stand on the most egregious facts simply because the form of verdict announcement was not followed — regardless of the reason. Concepts of justice contained in the legal principles discussed above, that is, improper delegation of judicial function; right of the defendant to be present at all critical stages of his trial and double jeopardy considerations must take precedence over the formula of verdict announcement under CPL 310.80. While the court does not lightly make this decision, to hold otherwise would be tantamount to ignoring law and equity in favor of a magic talisman.
For the reasons stated, the defendant’s motion to vacate the conviction of sexual abuse in the first degree is granted, the judgment vacated and judgment of acquittal directed to be entered.
With respect to the claim of defendant that the verdict is repugnant, it is the decision of the court that the same may be *189 irrational, but it is not repugnant. As such the court is powerless to reverse or vacate on this ground. (People v Carter, 63 NY2d 530.) It should be noted that the Court of Appeals, in deciding a factually similar case, found that a conviction of one count of sodomy with acquittal on an additional count of sodomy and a count of rape, arising out of the same occurrence, was not repugnant. The court rejected any speculation as to the "rationality” of the jury’s decision in affirming the conviction. (People v Goodfriend, 64 NY2d 695.)
For the reasons stated, the defendant’s motion is granted.