■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROL MANZO, Appellant. [650 NYS2d 763] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered January 2, 1996, convicting her of manslaughter in the second degree, vehicular manslaughter in the second degree (two counts), and driving while intoxicated (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the sequestration requirement under CPL 310.10 was violated when a court officer permitted breaks in deliberations so that jurors could smoke cigarettes.

We disagree. CPL 310.10 provides, *inter alia,* that a deliberating jury must "be continuously kept together under the supervision of a court officer." However, separation of jurors during deliberations is permissible "so long as the jurors remain supervised" *(People v Fernandez,* 81 NY2d 1023, 1024). In this case, the defendant failed to prove that the jurors were not supervised during the smoke breaks and, therefore, there was no violation of the requirement that the jury be continuously kept together. In any event, there was no separation from the jury panel as contemplated by the sequestration requirement of CPL 310.10 *(see, People v Lee,* 205 AD2d 558).

Moreover, the court officer's instruction to cease deliberations during the smoke breaks was ministerial in nature and, thus, did not constitute a violation of the statutory mandate *(see,* CPL 310.10). In addition, when a court officer's communication relates to an administerial matter so as to fall within the officer's supervisory role, it follows that the defendant's absence during such communication does not constitute a violation of the defendant's right to be present *(see, People v Buxton,* 192 AD2d 289; *cf., People v Lara,* 199 AD2d 419).

The defendant's sentence was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Copertino, Santucci and Florio, JJ., concur.