■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ABDUL KHALEK, Respondent. [651 NYS2d 560] —Appeal by the People from an order of the Supreme Court, Kings County (Aiello, J.), entered May 30, 1995, which granted the defendant's motion to set aside a jury verdict convicting him of sexual abuse in the first degree.

Ordered that the order is reversed, on the law, the jury verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

It was within the scope of the "administerial duties" (CPL 310.10) of the court officers to tell the jurors, who had been directed by the court to stop their deliberations, that they should stop deliberating as they were going to be sequestered for the evening (*see, People v Bonaparte,* 78 NY2d 26; *People v Nacey,* 78 NY2d 990; *People v Smith,* 181 AD2d 844). Far from usurping any authority, the court officers were performing a required duty by enforcing the directions of the court (*see, People v Bonaparte, supra,* at 30). Since the court officers did not "attempt to convey any legal instructions to the jury or to instruct them as to their duties and obligations upon sequestration or otherwise" (*People v Bonaparte, supra,* 78 NY2d 26, 31), the defendant was not absent during a material stage of trial (*see, People v Smith,* 181 AD2d 844, *supra; People v Marchese,* 185 AD2d 899). [*See,* 165 Misc 2d 185.]

Further, the decision allegedly reached by the jury on March 22, 1995, did not constitute a verdict, and therefore there was no violation of the prohibition against double jeopardy (*see,* CPL 1.20, 310.40, 310.80; *see also, Matter of Oliver v Justice of N. Y. Supreme Ct.,* 36 NY2d 53, 57). Sullivan, J. P., Krausman, Florio and McGinity, JJ., concur.