■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MING WONG, Appellant. [662 NYS2d 829] —Motion by the defendant for reargument of an appeal from a judgment of the Supreme Court, Queens County, rendered April 25, 1994, which was determined by decision and order of this Court dated March 3, 1997.

Upon the papers filed in support of the motion and the papers filed in relation thereto, it is

Ordered that the motion is granted; and it is further,

Ordered that, upon reargument, the unpublished decision and order of this Court dated March 3, 1997, in the above-entitled case, is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Goldstein, J.), rendered April 25, 1994, convicting him of burglary in the first degree, robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree (2 counts), and criminal possession of a weapon in the third degree (2 counts), upon a jury verdict, and sentencing him to concurrent indeterminate terms of imprisonment of 11 to 22 years for burglary in the first degree, 11 to 22 years for robbery in the first degree, 5 to 15 years for robbery in the second degree, 5 to 15 years for each of the two counts of criminal possession of a weapon in the second degree, and 2 to 6 years for one count of criminal possession of a weapon in the third degree, and an indeterminate term of 1½ to 4½ years imprisonment upon the defendant's conviction of criminal possession of a weapon in the third degree under the ninth count of the indictment to run consecutively to the terms of imprisonment imposed on the other counts.

Ordered that the judgment is modified, on the law, by vacating so much of the sentence as provided that the term of imprisonment imposed on the defendant's conviction of criminal possession of a weapon in the third degree under the ninth count of the indictment run consecutively to the terms of imprisonment imposed on the other convictions, and by substituting therefor a provision that all of the terms of imprisonment shall run concurrently; as so modified, the judgment is affirmed.

The defendant argues that the trial court impermissibly delegated its authority to a court officer by communicating through him with the jury during deliberations. The defendant further asserts that the trial court's action deprived him of his right to be present at all material stages of his trial. We disagree. On the fourth day of deliberations, the jury indicated that they were at an impasse with respect to certain counts. The court then instructed the jury to cease deliberations for that night, have dinner, and go to the hotel. One of the jurors refused to go to a hotel. The court officer then told the juror, upon the court's instruction, that she had to go to the hotel. Since the court officer did not "attempt to convey any legal instructions to the jur[or] or to instruct [her] as to [her] duties and obligations" (*People v Bonaparte*, 78 NY2d 26, 31), it cannot be said that the defendant was absent during a material stage of the trial (*see, People v Bonaparte, supra; People v Hameed*, 88 NY2d 232). Moreover, the court did not improperly delegate its authority by having the court officer issue such ministerial directions to the juror (*see, People v Torres*, 191 AD2d 601, 602; *People v Marchese*, 185 AD2d 899; *People v Smith*, 181 AD2d 844; *People v Martin*, 169 AD2d 784; *People v Ford*, 161 AD2d 262, 264, *affd* 78 NY2d 878).

As the People concede, however, the court erred in sentencing the defendant upon his conviction of criminal possession of a weapon in the third degree under the ninth count of the indictment to a term of imprisonment to run consecutively to the terms of imprisonment imposed on the other counts (*see,* Penal Law § 70.25 [2]). The judgment is therefore modified accordingly.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Bracken, Rosenblatt and Miller, JJ., concur.