The defendant’s contention that the evidence was legally insufficient to support his conviction is unpreserved for appellate review (see CPL 470.05; People v Hawkins, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Contrary to the defendant’s contention, certain communications made by court officers to jurors were purely ministerial in nature, and did not improperly convey legal instructions to the *1144 jurors (see People v Nacey, 78 NY2d 990, 991 [1991]; People v Bonaparte, 78 NY2d 26, 30 [1991]; People v Lebron, 184 AD2d 784, 788 [1992]; People v Belgrave, 181 AD2d 738 [1992]; People v Hodges, 173 AD2d 644 [1991]; cf. People v Cassell, 62 AD3d 1021, 1021-1022 [2009]; People v Lara, 199 AD2d 419, 419-420 [1993]), or otherwise violate CPL 310.10 (see People v Manzo, 233 AD2d 529, 530 [1996]). In addition, since the court officers’ communications related to administrative matters so as to fall within their supervisory role, the defendant’s absence during such communications did not constitute a violation of his right to be present (see People v Manzo, 233 AD2d at 530; People v Buxton, 192 AD2d 289, 293 [1993]).
The Supreme Court providently exercised its discretion in denying the defendant’s request to make additional inquiries of a juror who, inter alia, quarreled with another juror during the course of deliberations (see People v Maragh, 94 NY2d 569, 573-574 [2000]; People v Buford, 69 NY2d 290, 297-299 [1987]; cf. People v Wright, 35 AD3d 172 [2006]). The Supreme Court conducted a sufficiently probative inquiry of the juror in question, and ascertained that the juror could continue to deliberate in a fair and impartial manner (see People v Maragh, 94 NY2d at 573-574; People v Buford, 69 NY2d at 297-299).
The defendant argues that Supreme Court should not have classified his prior conviction as a violent felony offense because the accusatory instrument used in that proceeding was a superior court information — and not an indictment — and, as such, his plea of guilty to the lesser grade offense cannot qualify as a violent felony. We disagree. A “superior court information has the same force and effect as an indictment and all procedures and provisions of law applicable to indictments are also applicable to superior court informations, except where otherwise expressly provided” (CPL 200.15).
Accordingly, contrary to the defendant’s contention, since he had previously pleaded guilty to attempted criminal possession of a weapon in the third degree under a superior court information charging the greater offense of criminal possession of a weapon in the third degree, he was properly designated a second violent felony offender (see Penal Law § 70.02 [1] [d]; CPL 220.20 [1]; 200.15; People v Cunningham, 86 AD3d 859, 860 [2011]; People v Henry, 52 AD3d 841, 842-844 [2008]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Mastro, J.P., Rivera, Chambers and Lott, JJ., concur.