■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM LIGGINS, Appellant.—Judgments of the Supreme Court, New York County (Budd Goodman, J., at plea, trial and sentences; Richard D. Carruthers, J., at hearing), rendered May 13, 1987 and June 10, 1987, respectively, convicting defendant, after trial, of robbery in the first degree and, after a plea of guilty, of robbery in the first degree, and sentencing him to concurrent terms of imprisonment of 7 to 14 years and 4½ to 9 years, respectively, are unanimously affirmed.

Defendant was indicted for two knifepoint robberies and identified by the complainants in both photo arrays and a lineup. Defendant challenges the photo array as suggestive because it contained more than one photograph of him. Where an identification procedure is "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification", testimony regarding that identification will be excluded *(Simmons v United States,* 390 US 377, 384; *People v Adams,* 53 NY2d 241). Whether the identification is impermissibly suggestive depends upon the totality of the circumstances of the particular case *(Simmons v United States, supra).* In this case, the viewing of more than one picture of defendant was not unduly suggestive. Complainant selected two of approximately five photographs of defendant from among at least 1,300 photographs. The viewing of a large number of photographs " 'militates against the presence of suggestiveness' " *(People v Mason,* 138 AD2d 411, 412). There was no evidence that the repetition of defendant's photographs distinguished them from the others. Moreover, there existed an independent source for the in-court identification *(People v Adams,* 53 NY2d 241, *supra).* The complainant had three opportunities to observe defendant, i.e., at the building

entrance while waiting for the elevator, in the elevator as it was going up, and during the robbery. All three observations were made under well-lit conditions and within a relatively close distance.

The lineup was not unduly suggestive notwithstanding the comment by the officer that they had a suspect in custody *(People v Rodriguez,* 64 NY2d 738, 740). Nor was the complainant's identification impugned because of her request, after the lineup, for a voice identification, without any prompting by the police *(People v Wong,* 133 AD2d 184, 185). This merely emphasized that she was cautious and wished to be certain of the identification.

We have reviewed the remaining arguments and find them to be without merit. Concur—Kupferman, J. P., Ross, Milonas, Asch and Ellerin, JJ.