■ The People of the State of New York, Respondent, v Ahmed Aezah, Appellant. [595 NYS2d 177] —Judgment of the Supreme Court, New York County (Robert Haft, J.), rendered on December 21, 1990, which convicted defendant, following a jury trial, of criminal possession of a weapon in the third degree and sentenced him, as a predicate violent felony offender, to a term of imprisonment of from two and one-half to five years, unanimously affirmed.

At approximately 5:15 P.M. on October 31, 1989, a group of teenagers celebrated Halloween by throwing a brick through a window of defendant's variety store in Manhattan. Defendant jumped over the counter and, carrying a revolver in his hand,

chased the youths down the street and fired at them. He was subsequently placed under arrest, and the gun was recovered by the police. The grand jury indicted defendant for attempted murder in the first degree, attempted assault in the first degree, reckless endangerment in the first degree, criminal possession of a weapon in the second degree and two counts of criminal possession of a weapon in the third degree. The first count, it should be noted, was never submitted to the jury.

Defendant proceeded to trial following the denial of his various suppression motions. On October 25, 1990, the jury attempted to return a verdict finding him guilty of criminal possession in the second degree and acquitting him of the attempted assault and reckless endangerment charges, as well as acquitting him of one count of criminal possession of a weapon in the third degree. Defendant successfully persuaded the court, over the People's objection, that the verdict was fatally repugnant, and the Judge, the prosecution still protesting, instructed the jurors to reconsider their verdict on the counts relating to second and third degree criminal possession. After further deliberations, the jury was unable to agree on the second degree criminal possession count but convicted defendant on the third degree charge.

The People correctly contended that the jury's original verdict was not inconsistent since the third degree possession count contains an element—possession outside of the home or place of business—which is not an element of the second degree charge that requires an unlawful intent to use not included in the other simple possession charge. In that connection, the prosecution cited *People v Tucker* (55 NY2d 1) in support of their position that the verdict was not repugnant. However, while the trial court improperly refused to approve the first verdict, defendant has waived his right to appeal on this issue. Indeed, the defense is now advancing precisely the position urged below by the People but which it then opposed —that the initial verdict was not repugnant and should have been accepted by the trial court. Defendant, therefore, is seeking a reversal on the basis of the very argument which he insisted that the trial court adopt, but concerning which he has taken a contrary view for appellate purposes. At the very least, public policy demands that such a convolution in reasoning cannot be used to overturn a verdict by rewarding a party for encouraging a court to decide wrongly in his favor. The fact is that defendant has failed to preserve his claim for appellate review *(see, People v Buckley,* 75 NY2d 843; *People v Simpson,* 175 AD2d 851, *lv denied* 79 NY2d 832; *People v*

*D'Amico,* 150 AD2d 276, *affd* 76 NY2d 877), and his conviction must be affirmed. Concur—Sullivan, J. P., Milonas, Ellerin and Wallach, JJ.