■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEWART JACKSON, Appellant. [618 NYS2d 340] —Judgment, Supreme Court, Bronx County (Harold Silverman, J., at suppression hearing; Frank Diaz, J., at trial and sentence), rendered April 29, 1992, convicting defendant, after a jury trial, of robbery in the first degree and sentencing him, as a second violent felony offender, to a term of 9 to 18 years to run consecutively with a term of 7½ to 15 years previously imposed pursuant to his conviction of criminal sale of a controlled substance in the third degree, unanimously affirmed.

The hearing court properly held that the police officers had a right to stop defendant based upon the fact that he and his codefendant were running down the street looking over their shoulders and although they claimed to have been robbed, refused to provide the officers with any information *(People v Jones,* 118 AD2d 86, *affd* 69 NY2d 853).

Defendant's claims that reversible error occurred during jury deliberations are unpreserved for appellate review and we decline to review them in the interest of justice (CPL 470.05 [2]). Defendant was required to object to his counsel's absence from the court's in camera inquiry of juror number nine since that conference was not a material stage of trial *(People v Grant,* 178 AD2d 283, *lv denied* 79 NY2d 920). Here, where both defendants expressly agreed to the procedure outlined, defendant effectively waived his counsel's presence at the court's in camera inquiry *(People v Quinones,* 197 AD2d 376, *lv denied* 82 NY2d 852). Defendant's claim that juror

number nine should have been discharged as unfit to serve is unpreserved since defendant never argued that juror number nine was grossly unqualified under CPL 270.35 or that inquiries pursuant to *People v Buford* (69 NY2d 290) should have been conducted. Furthermore, since defense counsel never objected to the court's inquiries of juror number nine or of the other jurors, or requested that further inquiries be conducted, any claims of inadequacy of the court's responses are now waived *(People v Almodovar,* 196 AD2d 718, *lv denied* 82 NY2d 890, *cert denied* — US —, 128 L Ed 2d 871). Defendant's argument that the court coerced the jury to reach a verdict by delivering an *Allen* charge to a hopelessly deadlocked jury is unpreserved since the defendant never objected to the court's instructions that the jury was to decide the case only on the evidence presented in open court. In addition, although defense counsel had made a renewed motion for a mistrial based upon the fact that juror number nine repeated information heard in a courthouse elevator to the other jurors, the court properly declined to grant that motion upon the ground that defense counsel had previously withdrawn the motion, and vigorously opposed a mistrial, thereby waiving any claim that the procedures employed by the court to handle the situation were inadequate *(People v White,* 53 NY2d 721; *People v Aezah,* 191 AD2d 312, *lv denied* 81 NY2d 1010). Were we to reach defendant's claims in the interest of justice, we would find them meritless.

Defendant's argument that the cumulative effect of the prosecutor's misconduct during trial and summation deprived him of a fair trial is, for the most part, unpreserved (CPL 470.05 [2]). In any event, most of the alleged misconduct was directly responsive to the improper behavior of codefendant Albert's counsel and was not likely to prejudice defendant. In addition, we find meritless defendant's contention that there was insufficient evidence to sustain his conviction *(see, People v Alfonso,* 171 AD2d 485, *lv denied* 77 NY2d 991). Concur—Sullivan, J. P., Carro, Ellerin, Asch and Tom, JJ.