■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AVAIN GOURDINE, Appellant. [636 NYS2d 760] —Judgment, Supreme Court, Bronx County (Phylis Bamberger, J.), rendered February 1, 1994, convicting defendant, after a jury trial, of five counts of robbery in the first degree and five counts of robbery in the second degree, and sentencing him to concurrent terms of 7 to 21 years on the first degree convictions and 5 to 15 years on the second degree convictions, unanimously affirmed.

Under the totality of the circumstances, where the complainant selected three of defendant's photographs after viewing several hundred from different drawers at the precinct, the identification procedure was not suggestive (People v Liggins, 159 AD2d 443, lv denied 76 NY2d 738). The biographical information contained on the back of the photographs did not introduce an element of suggestiveness in the present circum-

stances, inasmuch as the complainant testified that she did not even notice the information until after she had already made her identification. Defendant has also failed to satisfy his burden of demonstrating that the lineup, which was conducted some 13 months after the photographic identification was made, was unduly suggestive (*People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833). Although defendant was the only participant who appeared in the lineup with a bruised face and a black eye, these were not features the witnesses utilized in describing the perpetrator of the crime and did not create a substantial likelihood that he would be singled out for identification (*supra*, at 336; *People v Mendez*, 208 AD2d 358). Defendant has failed to preserve for appellate review his contentions with respect to the court's determination that an independent source existed for one of the complainants' identification (CPL 470.05 [2]; *People v Williams*, 85 NY2d 868). In any event, the record supports the court's determination, based on all relevant factors, whether stated explicitly or not, that the People met their burden of proving an independent source since the witness had three opportunities to view her assailant under well lighted conditions (*see*, *People v Liggins*, *supra*).

We perceive no abuse of discretion in sentencing. We have considered defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Rubin, Nardelli and Mazzarelli, JJ.