■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE FERGUSON, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS ARMSTRONG, Appellant. [655 NYS2d 15] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered March 16, 1995, convicting each defendant, after a jury trial, of robbery in the second degree, and sentencing each defendant to a term of 5 to 15 years, unanimously affirmed. Judgment, same court and Justice, rendered March 16, 1995, convicting defendant Ferguson, upon his plea of guilty, of burglary in the second degree, and sentencing him to a term of 4 to 12 years, concurrent to his above sentence, unanimously affirmed.

Defendants' challenges to the court's *Allen* charge are unpreserved for appellate review (*People v Jackson*, 209 AD2d

247, 248, *lv denied* 85 NY2d 974). Were we to consider the matter in the interest of justice, the charge was warranted, and, when viewed as a whole, was sufficiently balanced (*see*, *People v Alvarez*, 86 NY2d 761). There is no merit to the suggestion that the court should have declared a mistrial, *sua sponte*.

The court properly exercised its discretion in declining to re-open the *Wade* hearing (*see*, CPL 710.40 [4]; *People v Clark*, 88 NY2d 552, 555) when it was revealed at trial that the complainants had viewed numerous photographs without making any identification. Under all the circumstances, these facts could not have had any effect on the suppression issue (*see*, *People v Gourdine*, 223 AD2d 428, *lv denied* 88 NY2d 848; *People v Liggins*, 159 AD2d 443, *lv denied* 76 NY2d 738).

The court properly declined to deliver any missing witness charges (*see*, *People v Gonzalez*, 68 NY2d 424, 427-428). Concur—Rosenberger, J. P., Wallach, Williams and Andrias, JJ.