■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK YOUNG, Appellant. [690 NYS2d 562] —Judgment, Supreme Court, New York County (Paul Bookson, J.), rendered February 28, 1995, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 7 to 14 years, unanimously affirmed.

The court properly permitted introduction of evidence of uncharged, contemporaneous drug sales to unapprehended buyers, as highly relevant to the issue of defendant's intent to sell the heroin recovered from him, as well as to explain why the police officer's observation was focused on defendant. Contrary to defendant's argument, the People were not required to refer to the uncharged sales in the bill of particulars, since these matters were evidentiary in nature (CPL 200.95 [1]; *see, People v Fitzgerald,* 45 NY2d 574, 580).

Defendant's current claims that the court erred in its responses to three jury notes indicating deadlock are unpreserved and waived since defendant, in fact, proposed the responses to the first two notes (*People v Aezah,* 191 AD2d 312, *lv denied* 81 NY2d 1010), and entered no objection to any aspect of the court's election to deliver an *Allen* charge following the third note (*People v Ferguson,* 237 AD2d 187, *lv denied* 90 NY2d 857). Also waived is defendant's claim that the court should have, *sua sponte,* declared a mistrial following each of these notes, since defendant in each instance opposed the declaration of a mistrial (*People v Jackson,* 209 AD2d 247, 248, *lv denied* 85 NY2d 974).

Contrary to defendant's arguments, the jury's last note prior to the rendition of the verdict did not indicate that it was hopelessly deadlocked and the court's response did not serve to coerce a verdict. Rather, the record supports the court's determination that the note indicated the jury's struggle with a question regarding application of the principle of reasonable doubt. Since the jury indicated agreement with the court's interpretation of the meaning of its note, and since the court's response repeated, in essence, the proper definition of reasonable doubt, the response in no way served to coerce a verdict, but

rather appropriately fulfilled the court's obligation to respond meaningfully to the jury's inquiry (*see, People v Almodovar,* 62 NY2d 126, 131-132). Concur—Ellerin, P. J. Nardelli, Williams, Saxe and Friedman, JJ.