THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL RODRIGUEZ, Appellant. [771 NYS2d 668]—

Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered February 25, 2002, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second and third degrees, and sentencing him, as a second felony offender, to concurrent terms of 20 years to life, 10 years and 7 years, respectively, unanimously affirmed.

Although, prior to summations, defendant had opposed charging the jury on the affirmative defense of renunciation (Penal Law § 40.10), and the court provided no such instruction in its main charge, the record is clear that, following a note from the jury and the court's request for input from both sides prior to deciding how to respond, defendant made a deliberate strategic decision to consent to the delivery of a supplemental instruction on that defense. Furthermore, defense counsel helped draft the instruction and approved of its wording. Accordingly, defendant's present challenges to the delivery of this instruction and to the language employed by the court are unpreserved and review in the interest of justice would be inappropriate under the circumstances (*see People v Tarsia,* 50 NY2d 1, 8-9 [1980]; *People v Aezah,* 191 AD2d 312 [1993], *lv denied* 81 NY2d 1010 [1993]).

The court properly exercised its discretion in denying defendant's mistrial motion based on the prosecutor's summation comment to the effect that a manslaughter verdict would evince disrespect for the victim's life. Although the comment was improper, the court's curative actions sufficed to prevent any prejudice (*see People v Santiago,* 52 NY2d 865 [1981]). Defendant's remaining claims of prosecutorial misconduct are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal (*see People v D'Alessandro,* 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Although at times the prosecutor exceeded the bounds of proper advocacy in eliciting extensive information about, and commenting upon, the victim's good character and his loss to his family, defendant was not deprived of a fair trial.

We perceive no basis for reducing the sentence. Concur— Andrias, J.P., Ellerin, Williams and Gonzalez, JJ.