■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CROOKS, Appellant. [838 NYS2d 29]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered April 5, 2006, convicting defendant, after a nonjury trial, of petit larceny and criminal possession of stolen property in the fifth degree, and sentencing him to concurrent terms of one year, unanimously affirmed.

Although the People had requested that the larceny and stolen property counts be dismissed, and sought to proceed to trial only on the burglary count, defendant objected to the dismissal of these counts. While the court did initially dismiss the counts,

it was without prejudice to defendant seeking to have them reinstated as lesser included offenses following the presentation of evidence. At the close of evidence, defendant sought, over the People's objection, to have these counts reinstated and considered by the court, despite the fact that they are not lesser included offenses of burglary. Under these circumstances, defendant has failed to preserve, and has affirmatively waived (*see People v Ford*, 62 NY2d 275 [1984]), his instant argument that the court improperly considered these counts, and that the People should have been held to the theory they chose. Review in the interest of justice would be inappropriate (*see People v Rodriguez*, 4 AD3d 300, 301 [2004], *lv denied* 2 NY3d 805 [2004]). "At the very least, public policy demands that such a convolution in reasoning cannot be used to overturn a verdict by rewarding a party for encouraging a court to decide wrongly in his favor" (*People v Aezah*, 191 AD2d 312, 313 [1993], *lv denied* 81 NY2d 1010 [1993]). Concur—Saxe, J.P., Sullivan, Gonzalez, Catterson and Kavanagh, JJ.