■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PIRO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cohen-Aronin, J.), rendered February 22, 1984, convicting him of burglary in the second degree and petit larceny, after a nonjury trial, and imposing sentence.

Judgment affirmed.

As a defense to the burglary charge, the defendant testified at trial that he was a self-employed construction contractor. The defendant claimed that he had a conversation with another contractor who was installing windows in the complainant's house regarding future employment and customer referrals. According to the defendant, that other contractor gave him permission to enter the dwelling for the purpose of inspecting the work. The defendant maintained that at the time he entered the premises, he had no intent to commit a crime. However, upon observing jewelry on top of a bureau, he went through the dresser drawer and deposited the jewelry into his pocket. At that point, the contractor entered the bedroom and asked the defendant to leave. The defendant then left.

Both the complainant and the contractor denied giving the defendant permission to enter the premises. The contractor testified that while he was installing windows on the second floor, the defendant walked into the room, stated that he was a relative of the family living in the house and wanted to look at the job. The contractor continued working. Upon entering one of the bedrooms, the contractor saw the defendant going

into a dresser drawer. When he asked the defendant what he was doing, the defendant replied that the people owed him money, and then complied with the contractor's request to leave the premises. The complainant testified that after having a conversation with the contractor, she saw the defendant walking out the front door. She also asked the defendant what he was doing. The defendant responded that he had a gun upstairs and was looking for her husband, who owed him money. The complainant then ran after the defendant, while her daughter telephoned the police. The defendant was apprehended by a police officer, who found him hiding behind a cabinet inside the basement of a cleaners a few blocks from the complainant's house. On top of the cabinet, the officer found jewelry inside an envelope. The complainant, who arrived at the cleaners as the officer and the defendant were emerging from the basement, identified the defendant and the jewelry.

We reject the defendant's argument that the evidence was legally insufficient to establish that he had entered or remained unlawfully in or upon the complainant's premises, an essential element of burglary in the second degree, because the contractor had granted him permission to enter the premises. Contrary to the defendant's testimony, the contractor denied giving the defendant permission to enter the premises. Credibility is to be determined by the trier of facts, who has the advantage of observing the witnesses, and this court will not readily disturb her findings *(People v Stroman,* 83 AD2d 370). Even if the trier of facts credited the defendant's testimony that the contractor had granted him permission to enter the premises, the evidence was legally sufficient to support a finding that the permission was obtained by deception and, thus, resulted in an unlawful entry *(see, People v Hutchinson,* 124 Misc 2d 487; *People v Ludlowe,* 117 Misc 2d 567).

The defendant contends that the People violated the mandate of *Brady v Maryland* (373 US 83) when they failed to disclose to defense counsel prior to trial that the defendant may have told the arresting officer that he had taken some valium on the date of the crime. The defendant maintains that the statement was exculpatory because it could have been used to establish that he lacked the requisite intent to commit burglary due to self-induced intoxication.

Initially we note that the prosecutor did not use the statement at issue on his direct case, but only for the purpose of impeaching the defendant's credibility with a prior inconsistent statement when the defendant testified at trial that he

was not using drugs on the date of the incident, albeit he admittedly ingested methadone as part of a drug rehabilitation program.

While the prosecutor has a duty to disclose exculpatory material in his control *(People v Simmons,* 36 NY2d 126, 131), here the prosecutor had no reason to believe the defendant's oral statement that he had consumed some Valium was of an exculpatory nature. There was no indication within the purported statement as to the amount of Valium consumed to suggest that the defendant was too intoxicated to have acted knowingly or with intent (Penal Law § 15.25). The arrest report recorded no drug use and the arresting officer's recollection as to whether the defendant had even made this unrecorded statement was uncertain.

In any event, based upon a review of the record and the defense proffered at trial, the withheld statement was not so material or relevant to the defendant's case that he was deprived of his due process rights and a fair trial *(see, People v Adams,* 26 NY2d 129, 137, *cert denied* 399 US 931). Any inference that the defendant was too intoxicated to have acted with the requisite intent is negated by the defendant's clear and detailed recollection of his criminal activities on the date in question and by his ability to invent a story to extricate himself each time he was caught in a compromising position during the burglary. A new trial is not automatically required where, as in this case, evidence in the possession of the People might by some stretch of the imagination have been useful to the defense but is not likely to have changed the verdict *(see, Giglio v United States,* 405 US 150, 154; *People v Jones,* 85 AD2d 50, 52; *People v McMullen,* 92 AD2d 1059, 1060). Moreover, the defendant, who testified at trial, was the best source of any possible defense predicated upon intoxication *(see, People v Murphy,* 109 AD2d 895, 896).

Lastly, the defendant contends that had the prosecutor disclosed his statement pursuant to CPL 240.20, he would have moved to suppress it at a *Huntley* hearing on the ground that it was involuntary and, therefore, inadmissible at trial for any purpose, including impeachment. This issue has not been preserved for review as defense counsel only objected to the admissibility of the statement on the ground of relevance, not for the reason that it was involuntary *(see, People v Boyd,* 58 NY2d 1016, 1018; *People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932; *People v Love,* 57 NY2d 1023). Even if the issue had been preserved for appellate review, reversal would not be required for there was no reasonable possibility that

the use of the defendant's statement contributed to the defendant's conviction and, thus, its admission was harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230, 237; *People v Malizia, supra).* Mollen, P. J., Bracken, Brown and Rubin, JJ., concur.