■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE GILES, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Moskowitz, J.), both rendered March 8, 1983, as amended March 11, 1983, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (three counts) under indictment No. 1631/81, upon a jury verdict, and robbery in the first degree under indictment No. 1211/81, upon his plea of guilty, and imposing sentences.

Ordered that the judgments, as amended, are affirmed.

With regard to the judgment of conviction under indictment No. 1631/81, the defendant's contention that the testimony of the eyewitness to the shooting should have been stricken as being incredible as a matter of law is without merit. Initially, we note that just prior to the commission of the crime, a female witness encountered the defendant and she subsequently identified him at the trial. She had known the defendant for a few years prior to the incident, as they both lived in the same apartment complex.

One eyewitness, who had known the defendant for 10 years, testified to the actual commission of the crime. Although the testimony of this eyewitness was inconsistent on some collateral issues, it was clear and consistent in the crucial matter concerning the actual shooting and killing of the victim. The eyewitness's testimony did not approach the " ' "hopeless contradictions" ' " referred to in *People v Foster* (64 NY2d 1144, 1147, *cert denied* 474 US 857). Considering his testimony as a whole, we find it was not incredible as a matter of law and that it amply supported the conviction *(cf., People v Garafolo,* 44 AD2d 86, 88).

The defendant's other contention raised on appeal from the judgment rendered on indictment No. 1631/81 is unpreserved for appellate review and, in any event, without merit *(see, People v Martin,* 50 NY2d 1029; *People v Tidwell,* 122 AD2d 289; *People v Phillips,* 120 AD2d 621).

With regard to the appeal from the judgment of conviction under indictment No. 1211/81, we have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel on that appeal is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Lawrence, J. P., Kunzeman, Kooper and Spatt, JJ., concur.