■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTWAN THOMPSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered October 16, 1986, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

There was a sufficient degree of resemblance between the defendant and the five other participants in the lineup so as not to render likely that there would be a mistaken identification of the defendant as a result of undue suggestiveness *(People v Accoo,* 126 AD2d 730; *accord, People v Williams,* 131 AD2d 617, 618). Under the circumstances, the hearing court properly determined that the lineup and the in-court identification of the defendant by the complainant, who was an off-duty police officer, were admissible *(see, People v Gairy,* 116 AD2d 733). Moreover, the complainant's unobstructed viewing of the defendant during the course of the robbery provided an independent basis for his in-court identification *(see, People v Norris,* 122 AD2d·82, 84).

By failing to make a motion in the Supreme Court to withdraw his plea, the defendant has failed to preserve for appellate review the issue of the sufficiency of the plea allocution *(see, People v Pellegrino,* 60 NY2d 636; *People v Santiago,* 100 AD2d 857). Nor is reversal warranted in the interest of justice inasmuch as the plea allocution satisfied the basic

requirements of *People v Harris* (61 NY2d 9) and there is no suggestion in the record that the plea was improvident or baseless *(see, People v Nixon,* 21 NY2d 338, 350, *cert denied sub nom. Robinson v New York,* 393 US 1067; *People v Dixon,* 119 AD2d 831; *People v Langhorn,* 119 AD2d 844, *lv denied* 68 NY2d 758).

We have reviewed the issues raised by the defendant in his *pro se* supplemental brief and find them to be without merit. Mangano, J. P., Weinstein, Kooper and Balletta, JJ., concur.