■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS STOKES, Appellant.—Appeal by the defendant from three judgments of the Supreme Court, Kings County (Deeley, J.), all rendered May 16, 1986, convicting him of robbery in the first degree under indictment No. 4865/84 and grand larceny in the third degree under indictment No. 4090/84, upon his pleas of guilty, and robbery in the first degree under indictment No. 6987/85, upon a jury verdict, and imposing sentences. The appeal under indictment No. 6987/85 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgments are affirmed.

Contrary to the defendant's contentions, "[t]here was a sufficient degree of resemblance between the defendant and the five other participants * * * so as not to render likely that there would be a mistaken identification of the defendant as a result of undue suggestiveness" (*People v Thompson*, 143 AD2d 858; *see, People v Jackson*, 145 AD2d 646; *People v Phillips*, 145 AD2d 656; *People v Wiley*, 137 AD2d 735, 736). In light of the foregoing, the hearing court properly determined that the lineup and the in-court identification of the defendant by the

complainant were admissible *(see, e.g., People v Phillips, supra).*

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Any alleged inconsistencies in the complainant's testimony with respect to his identification of the defendant and his credibility in general were primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 AD2d 84, 94). The alibi testimony presented by the defendant similarly created questions which were primarily to be resolved by the jury *(see, People v Gaimari, supra).* Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Brown, J. P., Lawrence, Kooper and Balletta, JJ., concur.