■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE BISHOP, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mirabile, J.), rendered December 20, 1983, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the lineup identification was rendered unnecessarily suggestive is without merit. The record discloses that all the lineup participants bore a sufficient resemblance to the defendant such that a substantial risk of misidentification was not presented by the identification procedure (see, People v Stokes, 156 AD2d 401; People v Thompson, 143 AD2d 858). In this regard, there is no requirement that a defendant in a lineup be surrounded by individuals nearly identical in appearance (see, e.g., People v Allah, 158 AD2d 605; People v Rodriguez, 124 AD2d 611). The hearing court, therefore, did not err in declining to suppress the eyewitness's lineup identification.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). The jury had the opportunity to make its own determination of the fairness of the lineup identification procedure by viewing the photographs of the lineup, which were admitted into evidence, and hearing and observing several of the fillers who testified at the trial. The jury also heard the testimony of the detective who supervised the lineup and the eyewitness who made an in-court identification of the defendant. We find no basis to overturn the jury's determination which credited the People's

witnesses. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Thompson, J. P., Brown, Kunzeman and Eiber, JJ., concur.