■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO DELASMATAS-BUJOSA, Also Known as ANTONIO DELASMA, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered September 3, 1985, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are

primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). The jury had the opportunity to make its own determination as to the reliability of the testimony of the People's witnesses, many of whom were drug users, drug dealers, and prison inmates who received a benefit for their testimony. We find no basis to overturn the jury's determination, which credited the People's witnesses. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's contention that he was deprived of a fair trial by the comments made by the prosecutor during summation is without merit. The comments complained of on appeal were not objected to during the trial and therefore the issue is not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Balls,* 69 NY2d 641). In any event, the prosecutor's comments did not exceed the broad bounds of rhetorical comment permissible in closing argument *(see, People v Galloway,* 54 NY2d 396), were a proper response to the defendant's own summation *(see, People v Lowe,* 117 AD2d 755), or constituted harmless error in view of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230, 237).

The defendant also contends that he was deprived of a fair trial by the court's denial of his motion for a severance and its admission of the codefendants' statements implicating him. While the admission of the codefendants' statements was error *(see, Bruton v United States,* 391 US 123), the error was harmless, given the overwhelming evidence of the defendant's guilt, including his own admission *(see, People v Hamlin,* 71 NY2d 750).

The defendant's remaining contentions are without merit *(see, People v Lewis,* 69 NY2d 321; *People v Santerelli,* 49 NY2d 241; *People v Molineux,* 168 NY 264, 293; *People v Ramos,* 166 AD2d 468; *People v Rivera,* 71 NY2d 705; *People v Baldi,* 54 NY2d 137). Mangano, P. J., Lawrence, Eiber and Miller, JJ., concur.