■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRITZGERALD BAZELIAS, Appellant. [632 NYS2d 25] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered March 9, 1994, convicting him of burglary in the first degree, grand larceny in the fourth degree, and petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

Approximately one month after having his apartment burglarized, the complainant saw the defendant in front of his building, told his cousin that this was the burglar, and then telephoned 911, while his cousin followed the defendant. Shortly after, the defendant was detained by police officers and the complainant identified him while the defendant stood on the street, neither handcuffed nor restrained by the police officers who stood near him.

The defendant contends that the hearing court erred in not suppressing the showup identification, which took place one month after the crime and was conducted in an unduly suggestive manner. We disagree. Since the complainant had spontaneously recognized the defendant shortly before as the robber, the showup was merely confirmatory (see, People v Martindale, 202 AD2d 158; People v Cascoigne, 189 AD2d 714). Furthermore, not only was the showup preceded by an independent identification made under non-suggestive circumstances, but there was evidence that the complainant knew the defendant from having seen him in and in front of his building before the burglary (see, People v Cascoigne, supra).

The defendant's remaining contentions are without merit. O'Brien, J. P., Copertino, Santucci and Joy, JJ., concur.