■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE DEJESUS, Appellant. [634 NYS2d 712] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mastro, J.), rendered January 12, 1994, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant and his codefendant *(see, People v Rosario,* 222 AD2d 460 [decided herewith]) were identified by two civilian witnesses immediately after they had broken into, and stolen a television set from, an apartment located at 575 Warren Street in Brooklyn. One witness, who had telephoned 911 after seeing the codefendant on the fire escape, later saw the defendant carrying a television set from the building. The second witness, who had seen the codefendant over 100 times before the burglary, observed the two men through the peephole of her front door as they took the television set downstairs.

On appeal, the defendant asserts that "both [witnesses] testified to only a single [pretrial] identification of [the defendants]" rather than the two pretrial identification procedures which occurred according to the police officer who testified at the *Wade* hearing, that the circumstances of these two identifications were "highly suggestive", and that the witnesses' accounts of the identifications differ "significantly" from the account given by the police officer at the *Wade* hearing. The defendant argues that, under these circumstances, the Supreme Court erred in denying the defense counsel's application to reopen the *Wade* hearing during the trial. We disagree.

Nothing was revealed during the course of the trial which, if it had been revealed during the prior *Wade* hearing, would have had the slightest chance of altering the determination ultimately made with respect to the reliability of the identifications of the defendant by the witnesses. Under all of the circumstances of this case, we conclude that the Supreme Court neither erred nor improvidently exercised its discretion in denying the defendant's motion to reopen the *Wade* hearing *(see,* CPL 710.40 [4]; *People v Fuentes,* 53 NY2d 892, 894).

We have examined the defendant's remaining contentions, and find them to be without merit. Mangano, P. J., Bracken, Sullivan and Rosenblatt, JJ., concur.