■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERGARDO ROSARIO, Appellant. [634 NYS2d 713] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mastro, J.), rendered January 5, 1994, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant and his codefendant *(see, People v DeJesus,* 222 AD2d 449 [decided herewith]) were apprehended in the vicinity of a dumpster shortly after they committed a burglary

at 575 Warren Street, Brooklyn. The two men were immediately identified at the scene by two civilian witnesses. The defendant claims that he is entitled to a new trial because the Supreme Court "allow[ed] the prosecution to use the defendants' alleged statement that they were looking in the dumpster for cans". Even assuming that this statement should have been suppressed (cf., People v Johnson, 86 AD2d 165, 168, affd 59 NY2d 1014, 1016), it is clear that any error connected with the admission of this statement must be considered harmless (see, People v Crimmins, 36 NY2d 230, 242).

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Sullivan and Rosenblatt, JJ., concur.