OPINION OF THE COURT
Bellacosa, J.
The sole issue on this appeal is whether the trial court acted within its legislatively prescribed discretion in denying defendant’s application to reopen its pretrial Wade determination (CPL 710.40 [4]; see, People v Fuentes, 53 NY2d 892). The Appellate Division affirmed defendant’s conviction for attempted robbery, after a jury trial, and a Judge of this Court granted leave to appeal. We conclude that the Appellate Division did not err in affirming the trial court’s ruling, which denied the application at trial to reopen the Wade hearing and determination.
*554 At approximately 11:00 a.m. on April 20, 1992, victim Ronald Cuocolo was making a delivery at a warehouse in Brooklyn when he was accosted in an interior corridor. The perpetrator demanded money from him and when he refused, a struggle ensued during which Cuocolo was injured. The perpetrator fled the building with Cuocolo and other occupants who had been alerted to the incident in pursuit. During the brief chase, Cuocolo came upon police officers who joined the chase by following Cuocolo. When Cuocolo caught up to the perpetrator outside a vacant lot about two blocks from the attack, he motioned towards his attacker, who was standing on the sidewalk. The police then made the arrest.
The People properly notified defendant pursuant to CPL 710.30 (1) (b) that Cuocolo had identified the defendant in a "corporeal non-lineup.” Defendant by omnibus motion moved for suppression of the victim’s identification and a Wade hearing was granted.
The arresting officer was the only witness at the hearing. He testified that within 10 minutes after the robbery, the victim pointed out the accused by shouting, "That’s him. That’s him.” The officer recollected that the victim was in the back seat of the patrol car at that time. The hearing court denied suppression of the victim’s identification, finding no taint of police suggestiveness, and ruled that the victim could testify to the identification at trial. No question is raised concerning the correctness of this determination made after the hearing.
At the close of the People’s opening statement at trial, however, defendant orally renewed the motion to suppress the victim’s identification to be made at trial or, in the alternative, to reopen the Wade hearing. Defense counsel had become aware at that time that the victim had testified to the Grand Jury (as he later did at the trial as well) that he immediately initiated pursuit of the fleeing perpetrator, right after the attempted robbery and assault. He used his own car, with the police joining the uninterrupted chase within minutes and following in their patrol car.
Defense counsel claimed that the discrepancy between the transcript of the victim’s Grand Jury account of the chase and the arresting officer’s Wade hearing version warranted suppression or a reopened Wade hearing. This variation is the sole basis for the application. Notably, this circumstance and issue are materially distinguishable from People v Geaslen (54 NY2d 510), relied upon by the dissent in its analysis of and application to this appeal.
*555 The trial court denied defendant’s motion essentially for the reason that the confusion was not "pertinent” to the issue of suggestiveness. It acknowledged, however, and weighed the differences between the two witnesses’ testimony, developed in procedurally distinct pretrial settings, concerning the location of the victim at the time he caught up to his attacker to make the street identification that led to the accused’s apprehension by the police.
CPL 710.40 (4) provides:
"//■ after a pre-trial determination and denial of the motion the court is satisfied, upon a showing by the defendant, that additional pertinent facts have been discovered by the defendant which he could not have discovered with reasonable diligence before the determination of the motion, it may permit him to renew the motion before trial or, if such was not possible owing to the time of the discovery of the alleged new facts, during trial” (emphasis added).
The operative phrase, establishing the threshold consideration under this statute for this type of application seeking a Wade revisitation, is "additional pertinent facts.” In construing and applying this statutory prescription to the record of this case, this Court cannot say as a matter of law — as the dissent would — that the victim’s Grand Jury testimony compelled a grant of relief. The statute contains no mandate that such facts must be found to be outcome-determinative or "essential” nor is any other prescribed template required. To be sure, all such features may be considered within the ambit of the discretionary weighing reposed in the trial court in ruling on a CPL 710.40 (4) application.
We agree, without promulgating a rigid formula, that the particular standard of "additional pertinent facts” does not require defendant-movant in such circumstances to introduce facts which on their face establish the suggestiveness of the original street identification. The statutory standard does require, though, at least that the facts asserted be "pertinent” to the issue of official suggestiveness such that they would materially affect or have affected the earlier Wade determination (see, People v Newball, 76 NY2d 587, 590-591; People v Gissendanner, 48 NY2d 543, 552). Otherwise, the distinctive statutory standard would be no standard at all. The trial court did not abuse its discretion in finding that such pertinent facts *556 were not tendered in this case, and the record and the statute do not compel a contrary conclusion and reversal as a matter of law.
As this Court stated in refusing to disturb the lower courts’ exercise of discretion under this very section in People v Fuentes (53 NY2d 892, supra), a "trial court may reopen a pretrial hearing if it ris satisfied, upon a showing by the defendant, that additional pertinent facts have been discovered by the defendant * * * with reasonable diligence before the determination’ of his pretrial application” (id., at 894 [emphasis added] [citation omitted]). To suggest here that this standard was met as a matter of law and that the victim-initiated and uninterrupted chase, culminating in the apprehension of this perpetrator was a police-arranged procedure (dissenting opn, at 559), as a matter of law also, compelling a reopening of the Wade hearing, goes well beyond what this record presented to the trial court and Appellate Division.
Thus, the Appellate Division, guided by this Court’s most pertinent and governing precedent, had a proper basis to affirm the trial court’s discretionary ruling as within the statutory range of its authority (People v Fuentes, supra; contrast, People v Dixon, 85 NY2d 218, 223-224 [where no Wade hearing whatsoever was initially afforded defendant]).
Accordingly, the order of the Appellate Division should be affirmed.