■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE KIDD, Appellant. [667 NYS2d 907] —Judgment, Supreme Court, Bronx County (Denis Boyle, J., at suppression hearing; Eugene Oliver, J., at jury trial and sentence), rendered November 30, 1995, convicting defendant of grand larceny in the fourth degree, and sentencing him to a term of 1⅓ to 4 years, unanimously affirmed.

Since the People met their initial burden of coming forward to establish that the prompt, on-the-scene showup identification procedure was reasonable and not unduly suggestive (see, People v Ortiz, 90 NY2d 533, 538), they were not required to call the complainant at the suppression hearing based on defendant's speculative claim that the presence of backup officers somehow tainted the showup procedure (see, People v Chipp, 75 NY2d 327, 338, cert denied 498 US 833). Furthermore, defendant made no specific request to call the complainant as a defense witness at the hearing, and defendant would not, under these facts, have been entitled to such relief (supra). The trial court properly denied defendant's motion to reopen the hearing based on the purported inconsistency between the complainant's trial testimony and the arresting officer's hearing testimony since defendant failed to offer any additional pertinent facts that would materially have affected the prior determinations (CPL 710.40 [4]; People v Clark, 88 NY2d 552, 555).

Since the record fails to support defendant's claim that certain alleged *Rosario* material ever existed (*see*, *People v Damaceno*, 214 AD2d 464, *lv denied* 86 NY2d 734), the court properly denied defendant's request for an adverse inference charge.

We have considered defendant's additional claims of error and find them to be without merit. Concur—Milonas, J. P., Ellerin, Williams and Tom, JJ.