■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BAKER, Appellant. [679 NYS2d 107] —Judgment, Supreme Court, New York County (William Wetzel, J.), rendered December 2, 1996, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fourth degree, and sentencing him to a term of 4 to 12 years, unanimously affirmed.

The arresting officer's trial testimony, that the drugs seized from defendant pursuant to an arrest for theft of services were contained in a small paper bag, did not constitute evidence that defendant could not have discovered with reasonable diligence before determination of the motion to suppress, because defendant was clearly aware of it from the time of his arrest.

Defendant's claim of lack of knowledge as to the nature of the container is without merit, since it rests on the same incredible version of the facts to which defendant testified (and which was necessarily rejected by the jury). Accordingly, defendant's motion to renew his motion to suppress the drugs was properly denied (CPL 710.40 [4]; *People v Washington*, 238 AD2d 43, 48, *lv denied* 91 NY2d 1014). Moreover, the search of the paper bag was proper whether the drugs were in a brown paper bag or a clear plastic bag, since the record sufficiently established that the search occurred immediately after defendant was arrested and handcuffed (*see, People v Smith*, 59 NY2d 454; *People v Wylie*, 244 AD2d 247, *lv denied* 91 NY2d 946). Since the purported "new evidence" would not have materially affected the earlier determination, it did not qualify as an "additional pertinent fact" within the meaning of CPL 710.40 (4) (*see, People v Clark*, 88 NY2d 552, 555; *People v Washington*, *supra*, 238 AD2d, at 48). Concur—Lerner, P. J., Wallach, Rubin and Saxe, JJ.