■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRENT ROBINSON, Appellant. [721 NYS2d 252] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered January 30, 1997, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Vaughan, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

After the conclusion of the *Wade* hearing (*see, United States v Wade,* 388 US 218), the identifying witness revealed that he had reviewed photographs at the police precinct before he identified the defendant in a lineup. The witness did not identify any photograph as that of the perpetrator. The hearing court properly exercised its discretion in declining to reopen the *Wade* hearing, since, under the circumstances, these facts could not have had any effect on the suppression issue (*see,* CPL 710.40 [4]; *People v Clark,* 88 NY2d 552, 555-556; *People v Ferguson,* 237 AD2d 187).

Just before trial the defendant requested that the trial court reopen the *Wade* hearing. The trial court denied that request but agreed to allow the defendant to call as a witness the police officer who supervised the viewing of the photographs and

question him as to whether the defendant's photograph was among those displayed to the witness. The trial court noted that if the defendant's photograph was among those viewed, the witness's failure to identify it could be introduced at trial as *Brady* material (*see, Brady v Maryland,* 373 US 83; *People v Lake,* 213 AD2d 494). However, the defendant never called the police officer who supervised the viewing of the photographs as a witness.

Under the facts of this case, the defendant received meaningful representation from his attorney (*see, People v Benevento,* 91 NY2d 708, 712).

The defendant's remaining contentions are without merit. Goldstein, J. P., Florio, Luciano and H. Miller, JJ., concur.