Defendant's challenges to the People's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged remarks constituted fair comment on the evidence, including the self-incriminating statement made by defendant during the transaction (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]). Concur—Nardelli, J.P., Mazzarelli, Andrias, Marlow and Gonzalez, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BAZIL, Appellant. [765 NYS2d 350] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered September 18, 1998, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a violent felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's mistrial motion, made after a prosecution witness identified defendant in court despite the prosecutor's alleged representation, at a *Wade* hearing, that this witness would not be making an identification. Although the prosecutor's statement was somewhat ambiguous, it is clear that this witness never made a "previous identification" within the meaning of CPL 710.20 (6) and 710.30 (1) (b). Therefore, this witness's in-court identification was not the proper subject of the suppression procedures set forth in

CPL article 710, including the provision for summary suppression where the People "stipulate that the evidence sought to be suppressed will not be offered in evidence" (CPL 710.60 [2] [b]). In any event, were we to find any error in the receipt of this witness's identification testimony, we would find the error to be harmless in light of the strong identification evidence provided by other witnesses (*see People v White,* 73 NY2d 468, 476 [1989], *cert denied* 493 US 859 [1989]).

The court properly refused to reopen the *Wade* hearing based on trial testimony that the showup identification made by an identifying witness was preceded by an allegedly suggestive remark by another civilian witness. This testimony could not have had any effect on the suppression issue (*see People v Clark,* 88 NY2d 552, 555 [1996]), since there was no evidence of any police involvement in, or responsibility for, this spontaneous statement by a civilian. Concur—Nardelli, J.P., Mazzarelli, Andrias, Marlow and Gonzalez, JJ.