■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES PANNELL, Appellant. [770 NYS2d 737]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered May 21, 2002, convicting him of criminal possession of a weapon in the third degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was not denied due process by the People's failure to disclose the minutes of the complainant's grand jury testimony before the pretrial suppression hearing, because the undisclosed testimony that the complainant did not identify the defendant at the scene of the crime, even if true, would not have materially affected the outcome of the hearing (*see Brady v Maryland,* 373 US 83 [1963]; *People v Clark,* 88 NY2d 552 [1996]). The arresting officer's conversation with the complainant, together with his observation of the defendant, provided him with a founded suspicion that criminality was at hand, even in the absence of an on-scene identification by the complainant (*see People v Simmons,* 298 AD2d 468, 469 [2002], *lv denied* 100 NY2d 645 [2003]). Moreover, the arresting officer had an objective, credible reason to initially approach the defendant and question him as to whether he possessed a knife (*see People v Ocasio,* 85 NY2d 982 [1995]; *People v Hollman,* 79 NY2d 181, 184-185 [1992]; *People v De Bour,* 40 NY2d 210, 222-223 [1976]). In any event, the defendant failed to articulate which portion of the complainant's grand jury testimony allegedly contradicted the hearing testimony of the arresting officer, or defeated the officer's claim that he had a founded suspicion to approach and question him. Since the exculpatory nature of the undisclosed material is completely speculative (*see People v Piro,* 121 AD2d 748, 750 [1986]; *People v Jones,* 85 AD2d 50 [1982]), we reject the defendant's assertion that the People failed to timely disclose material in violation of *Brady v Maryland (supra).* Hence, the Supreme Court properly denied the defendant's motion for a mistrial or to reopen the suppression hearing (*see People v Clark, supra).*

The defendant's claim that certain comments made by the prosecutor during summation require reversal is unpreserved for appellate review (*see People v Dien,* 77 NY2d 885, 886 [1991]; *People v Medina,* 53 NY2d 951, 953 [1981]; *People v Joseph,* 298

AD2d 601 [2002]), and in any event, the comments do not warrant a new trial. Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.