■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO SCARPETTA, Appellant. [782 NYS2d 366]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered February 10, 2003, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Buchter, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish that he took property from its owner

with the intent either to appropriate the property or to deprive the owner of the property is unpreserved for appellate review since he did not specify this ground in his motion to dismiss at trial (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see* Penal Law § 155.00 [3], [4]; *People v Brooks,* 79 NY2d 1043 [1992], *cert denied* 506 US 899 [1992]; *People v Jennings,* 69 NY2d 103, 118 [1986]; *People v Velez,* 1 AD3d 290 [2003]).

The trial court providently exercised its discretion in denying the defendant's motion to reopen the *Wade* hearing (*see United States v Wade,* 388 US 218 [1967]; CPL 710.40 [4]; *People v Clark,* 88 NY2d 552, 555-556 [1996]; *People v Pannell,* 3 AD3d 541, 542 [2004]; *People v Kidd,* 247 AD2d 269 [1998]). Altman, J.P., Florio, Mastro and Fisher, JJ., concur.