■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY WASHINGTON, Appellant. [810 NYS2d 483]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered February 17, 2004, convicting him of burglary in the second degree and robbery in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to establish his guilt of the crime of burglary in the second degree, specifically, that the People failed to prove that he entered or remained unlawfully in the complainant's building (*see* Penal Law § 140.00 [5]; § 140.25 [2]). This contention is unpreserved for appellate review (*see People v Gray*, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree beyond a reasonable doubt. The prosecution adduced sufficient evidence from which a rational factfinder could infer that the defendant entered the building unlawfully with the intent to commit a crime therein (*see People v Mitchell*, 254 AD2d 830 [1998]; *People v Harrison*, 151 AD2d 778 [1989]; *People v Piro*, 121 AD2d 748 [1986]; *People v Thompson*, 116 AD2d 377 [1986]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt of the crime of burglary in the second degree was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that his adjudication as a persistent violent felony offender violated his right to a jury trial pursuant to *Apprendi v New Jersey* (530 US 466 [2000]) is unpreserved for appellate review and, in any event, is without merit (*see People v Rivera*, 5 NY3d 61 [2005], *cert denied* — US —, 126 S Ct 564 [2005]; *People v Rosen*, 96 NY2d 329, 335 [2001], *cert denied* 534 US 899 [2001]; *People v Black*, 23 AD3d 490 [2005]). Florio, J.P., Ritter, Skelos and Lifson, JJ., concur.