■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WHITING, Appellant. [824 NYS2d 905]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered June 16, 2004, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a

hearing, of that branch of the defendants' omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the complainant's identification of him. The complainant's identification of the defendant was confirmatory and not unduly suggestive (*see People v Bazelias,* 220 AD2d 443 [1995]; *People v Griffin,* 161 AD2d 799 [1990]).

Further, the trial court providently exercised its discretion in denying the defendant's motion to reopen the *Wade* hearing (*see United States v Wade,* 388 US 218 [1967]; *People v Clark,* 88 NY2d 552 [1996]; *People v Robinson,* 280 AD2d 687 [2001]).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's contentions in point two of the his brief relating to *Brady* violations (*see Brady v Maryland,* 373 US 83 [1963]), and point three of his brief relating to reopening the *Wade* hearing to question a police witness about evidence turned over late by the People and the admission of a weapon into evidence, are without merit. The defendant's contentions in point two of his brief relating to summation comments and point three of his brief relating to the limitation of questioning at the *Wade* hearing are unpreserved for appellate review and, in any event, are without merit. Miller, J.P., Ritter, Santucci and Lunn, JJ., concur.