■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REMULO CEPEDA, Appellant. [851 NYS2d 505]—

Judgment, Supreme Court, Bronx County (Thomas Farber, J.), rendered November 10, 2004, convicting defendant, after a jury trial, of murder in the second degree (two counts), robbery in the first degree, reckless endangerment in the first degree, criminal possession of stolen property in the third degree, and unauthorized use of a vehicle in the third degree, and sentencing him to an aggregate term of 82 years to life, unanimously affirmed.

Defendant was convicted of, among other things, murdering two of his fellow drug dealers and then forcibly stealing a car from three strangers in an effort to escape. The court properly excluded evidence of alleged third-party culpability because, other than motive and the third party's prior attempt to kill one of the murder victims, there was no evidence linking the third party to the instant crimes (*see People v Primo*, 96 NY2d 351 [2001]). At a proceeding outside the presence of the jury, the court was made aware that although the alleged alternative

suspect's photograph had been shown to the eyewitnesses in this case, no one identified that person. Given the lack of evidentiary nexus, there was no violation of defendant's right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]; *compare Holmes v South Carolina*, 547 US 319 [2006]). In any event, exclusion of this evidence could not have affected the verdict. We also note that defendant was able to establish at trial that the victim in question, like defendant himself, was a dealer in large amounts of fake drugs. Thus, the jury was aware that this victim was the type of person likely to have enemies in the drug trade, and evidence that he may have had a particular enemy would have added little.

The trial court properly exercised its discretion in declining to reopen the *Wade* hearing based on evidence adduced at trial. Since defendant's attorney was aware, prior to the determination of the suppression motion, of the expected testimony of one of the carjacking victims regarding the photo identification of defendant, that victim's trial testimony did not constitute "additional pertinent facts" that defendant "could not have discovered with reasonable diligence before the determination of the motion" (CPL 710.40 [4]; *People v Washington*, 238 AD2d 43, 49 [1998], *lv denied* 91 NY2d 1014 [1998]). Further, the additional facts asserted would not have materially affected the earlier *Wade* determination since the victim's testimony did not support any inference that the identification procedure was unduly suggestive (*see People v Clark*, 88 NY2d 552, 555 [1996]).

Defendant is not entitled to any relief on account of the prosecutor's summation comments. We agree with the People's position that despite the statements by the prosecutor to the effect that there was "no suspect" at the time of the photo arrays and that defendant did not become "a suspect" until after the photo arrays, in context, the import of the prosecutor's statements was the perfectly proper argument that there was no *one* suspect at the time of the arrays. Nor did the prosecutor act improperly merely because her argument that "the People have proven the defendant is the person who [committed the crimes charged]" was preceded by the phrase "I believe."

The court properly denied defendant's motion for substitution of counsel. The court, which conducted a sufficient inquiry into defendant's complaints and accorded him ample opportunity to be heard, correctly found that there was no good cause for assignment of yet another attorney to defendant, who had already been represented by at least three other attorneys (*see People v Linares*, 2 NY3d 507, 511 [2004]). Concur—Tom, J.P., Nardelli, Williams and McGuire, JJ.