■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEBASTIAN DELAMOTA, Appellant. [905 NYS2d 621]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered February 13, 2008, convicting him of robbery in the first degree, criminal possession of a weapon in the third degree, and menacing in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Grosso, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he failed to show that the evidence adduced at trial constituted additional pertinent facts which could not have been discovered by him with reasonable diligence before the determination of that branch of his omnibus motion which was to suppress identification evidence and which would have materially affected that determination (*see* CPL 710.40 [4]; *People v Clark*, 88 NY2d 552, 555 [1996]; *People v Fuentes*, 53 NY2d 892, 894 [1981]). Accordingly, under the circumstances present here, the trial court did not improvidently exercise its discretion in denying the defendant's motion, made during trial, for leave to renew that branch of his omnibus motion which was to suppress identification testimony (*see People v Rhodes*, 60 AD3d 705 [2009]; *People v Robinson*, 280 AD2d 687, 687 [2001]; *People v Kidd*, 247 AD2d 269, 269 [1998]; *People v Ferguson*, 237 AD2d 187, 188 [1997]; *People v Rosa*, 231 AD2d 534, 536 [1996]; *People v DeJesus*, 222 AD2d 449, 450 [1995]; *see generally People v Whiting*, 35 AD3d 637, 638 [2006]; *People v Scarpetta*, 11 AD3d 490, 491 [2004]).

Viewing the evidence in the light most favorable to the prose-

cution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to disprove the defendant's alibi (*see Matter of Jeffrey V.*, 185 AD2d 240, 241 [1992]; *People v Rose*, 166 AD2d 680, 681 [1990]; *People v Tullies*, 135 AD2d 852, 853 [1987]; *see also People v McCall*, 277 AD2d 467, 468 [2000]; *People v Marinus*, 254 AD2d 372, 373 [1998]), and to establish the defendant's identity as the perpetrator (*see People v Calabria*, 3 NY3d 80, 82 [2004]; *People v Watson*, 12 AD3d 709 [2004]; *People v Gonzalez*, 3 AD3d 579, 579 [2004]; *People v Fermin*, 235 AD2d 328, 328 [1997]; *People v Williams*, 187 AD2d 547, 547-548 [1992]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Gaimari*, 176 NY 84, 94 [1903]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644 [2006]; *People v Jean-Marie*, 67 AD3d 704, 705 [2009]; *People v Mojica*, 62 AD3d 100, 113 [2009]; *People v Gumbs*, 58 AD3d 641, 641-642 [2009]; *People v Sirghi*, 273 AD2d 417, 418 [2000]; *People v Moore*, 227 AD2d 227, 227 [1996]; *People v Delasmatas-Bujosa*, 180 AD2d 811, 812 [1992]; *People v Griffith*, 171 AD2d 678, 678 [1991]; *People v Bishop*, 167 AD2d 551, 551-552 [1990]). Additionally, contrary to the defendant's contention, the complainant's testimony was not incredible as a matter of law (*see People v Calabria*, 3 NY3d 80, 82 [2004]; *People v Fratello*, 92 NY2d 565, 573 [1998]; *People v Scott*, 65 AD3d 707, 707 [2009]; *People v Middleton*, 36 AD3d 941, 942 [2007]; *People v Marchese*, 185 AD2d 899, 900 [1992]; *People v Giles*, 132 AD2d 706, 707 [1987]).

Furthermore, the trial court did not err in declining to declare the defendant's first witness hostile during defense counsel's direct examination inasmuch as the witness was neither unwilling nor reluctant to testify (*see People v Forte*, 70 AD3d 963, 964 [2010]; *People v Marshall*, 220 AD2d 692, 693 [1995]).

The defendant was not deprived of the effective assistance of counsel. "The record in this case demonstrates that defense counsel effectively cross-examined the People's witnesses, presented an alibi defense, and made competent opening and closing statements which were consistent with that defense" (*People v Pollard*, 220 AD2d 463, 464 [1995]; *see People v Ryan*, 90

NY2d 822, 823-824 [1997]; *People v Velez*, 197 AD2d 651, 652 [1993]; *People v Ortiz*, 174 AD2d 763 [1991]). Moreover, "[the] defendant has failed to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (*People v Taylor*, 1 NY3d 174, 176 [2003] [internal quotation marks omitted]; *see People v Williams*, 59 AD3d 576, 577 [2009]; *People v Demolaire*, 55 AD3d 621, 622 [2008]; *People v Coleman*, 37 AD3d 489, 490 [2007]). Accordingly, "[the] defendant has failed to establish that he was denied his constitutional right to effective assistance of counsel" (*People v Ryan*, 90 NY2d 822, 824 [1997]; *see People v Rivera*, 71 NY2d 705, 708 [1988]).

The defendant's remaining contentions are unpreserved for appellate review. Skelos, J.P., Santucci, Dickerson and Leventhal, JJ., concur. **[Prior Case History: 18 Misc 3d 1130(A), 2008 NY Slip Op 50244(U).]**