The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The five bank robberies formed such a distinctive pattern, and were so interconnected, that they could only have been committed by the same person. Fingerprint evidence established defendant’s guilt of one of the robberies, thereby connecting him circumstantially to all of them, and his challenges to the fingerprint evidence are unavailing. In addition, there were reliable identifications as to four of the robberies, as well as other evidence such as surveillance videotapes and photographs.
The court properly declined to reopen the Wade hearing based on trial testimony about conversations between witnesses that occurred before the witnesses separately made lineup identifications. This testimony could not have had any effect on the suppression issue (see People v Clark, 88 NY2d 552, 555 [1996]). The new information revealed at trial did not contradict any *550 hearing testimony (compare People v Olmo, 153 AD2d 544 [1st Dept 1989]), and it went to the weight to be accorded the identifications rather than their admissibility (see People v Bazil, 309 AD2d 596, 597 [1st Dept 2003], lv denied 1 NY3d 568 [2003]). Concur — Gonzalez, EJ., Sweeny, Acosta, Renwick and Manzanet-Daniels, JJ.