People v Humphrey (2019 NY Slip Op 07606)





People v Humphrey


2019 NY Slip Op 07606


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2013-02901
 (Ind. No. 2358/10)

[*1]The People of the State of New York, respondent,
v
Jimmy Humphrey, appellant.


Paul Skip Laisure, New York, NY (Yvonne Shivers of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory Lasak, J.), rendered March 6, 2013, convicting him of murder in the second degree (four counts), arson in the first degree, arson in the second degree, reckless endangerment in the first degree, and tampering with physical evidence, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The People presented evidence at trial that in the early morning hours of July 13, 2010, the defendant had an argument with Linda Anderson, who was pregnant with his child. The defendant strangled Anderson in her apartment and then set fire to her body. Anderson's young son was home at the time and died as a result of injuries sustained in the fire. A jury convicted the defendant of the murders of Anderson and her son and other related crimes. The defendant appeals.
An individual taken into law enforcement custody for questioning must be informed of his or her Miranda rights (see Miranda v Arizona, 384 US 436, 467-473; US Const Amend V). The Miranda warnings are an "absolute prerequisite to interrogation" (Miranda v Arizona, 384 US at 471; see People v Dunbar, 24 NY3d 304, 314). "Interrogation" includes express questioning or its functional equivalent, meaning "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect" (Rhode Island v Innis, 446 US 291, 301; see People v Paulman, 5 NY3d 122, 129). Statements made in response to such police words or actions are inadmissible in the absence of Miranda warnings (see People v Dunbar, 24 NY3d at 314; People v Ferro, 63 NY2d 316, 322).
Contrary to the People's contention, the record of the suppression hearing establishes that the defendant, who had been brought to the police station in handcuffs and placed in a locked interrogation room, was subjected to custodial interrogation when he was questioned about the subject incident (see generally People v Yukl, 25 NY2d 585, 589). However, the record also establishes that the defendant was properly informed of his Miranda rights, which he knowingly, [*2]voluntarily, and intelligently waived prior to any interrogation (see generally People v Williams, 62 NY2d 285, 288-289). Contrary to the defendant's contention, certain statements made by a detective while the defendant was being held in the interrogation room did not vitiate the effectiveness of the Miranda warnings, which were administered two hours later, before any interrogation commenced (cf. People v Rutledge, 25 NY3d 1082; People v Dunbar, 24 NY3d 304; People v Alfonso, 142 AD3d 1180). The defendant also contends that specific statements he made to law enforcement officials on July 15, 2010, should have been suppressed on the ground that the People failed to prove the voluntariness of those statements beyond a reasonable doubt (see People v Jin Cheng Lin, 26 NY3d 701, 719; People v Holland, 48 NY2d 861, 862). A review of the totality of the circumstances demonstrates that the subject statements were voluntary and not the product of coercion (see People v Jin Cheng Lin, 26 NY3d at 719-725; People v Sands, 164 AD3d 613, 613-614). Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
We also agree with the Supreme Court's determination at trial to exclude evidence of alleged third-party culpability because the evidence was speculative and did not sufficiently connect the third party to the crimes (see People v Powell, 27 NY3d 523, 531; People v Gamble, 18 NY3d 386, 399; People v Primo, 96 NY2d 351, 357; People v Cepeda, 48 AD3d 294, 294-295).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., LEVENTHAL, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court