People v Webster (2021 NY Slip Op 03265)





People v Webster


2021 NY Slip Op 03265


Decided on May 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 20, 2021

Before: Acosta, P.J., Webber, Kennedy, Shulman, JJ. 


Ind No. 502/16 Appeal No. 13868 Case No. 2018-2666 

[*1]The People of the State of New York, Respondent,
v
Tarrell Webster, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Rosemary Herbert of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael J. Obus, J. at suppression hearing; Daniel P. FitzGerald, J. at jury trial and sentencing), rendered October 20, 2017, convicting defendant of two counts of robbery in the first degree, and sentencing him, as a second felony offender, to consecutive terms of 10 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that the sentences run concurrently with each other, and otherwise affirmed.
The court properly denied defendant's motion to suppress identification testimony. The lineups were not unduly suggestive under all the circumstances (see People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]). The generic grey hooded sweatshirt defendant wore, which matched part of the description given by one of the robbery victims, "was not so distinctive as to be capable of influencing the identification" (People v Allen, 257 AD2d 397, 397 [1st Dept 1999] lv denied 93 NY2d 1013 [1999]). The sweatshirt was a common article of clothing (see People v Gilbert, 295 AD2d 275 [1st Dept 2002], lv denied 99 NY2d 558 [2002], and most of the lineup fillers wore sweatshirts, in various colors. The more significant part of the clothing description was a distinctive colorful jacket, which both victims had described the robber as wearing, and which defendant did not wear in the lineups. A review of photos of the lineups reveals that all the participants were reasonably similar in appearance, and that any differences in height, weight or apparent age between defendant and the others were not so noticeable as to create a substantial likelihood that defendant would be singled out for identification. Likewise, any facial scarring of defendant is not readily noticeable in the lineup photos, and no such scarring was included in either victim's description of the robber.
The trial court providently exercised its discretion in denying defendant's motion to reopen the suppression hearing (see People v Clark, 88 NY2d 552, 555 [1996]). At trial, the victim of the first robbery could not recall whether he had seen the participants walk in, thereby permitting him to see height differences, before they sat down. At the hearing, the detective definitively recalled that the participants were already seated when the victim viewed the lineup, and that she banged on the wall between the viewing and lineup rooms so that the participants would look forward and hold their cards properly before the detective lifted the screen so the victim could see them. We conclude that the first victim's trial testimony would not have "materially affected" the suppression ruling (People v Cepeda, 48 AD3d 294, 295 [1st Dept 2008], lv denied 10 NY3d 957 [2008]). Moreover, defendant could have discovered this alleged fact with reasonable diligence before the suppression hearing (CPL 710.40[4]), because a representative from defense counsel's office was in the viewing room during the lineup [*2](People v Cepeda, 48 AD3d at 295). As for the victim of the second robbery, any discrepancy between his trial testimony that the detective had told him "they might have the person, according to . . . the description I had given them," and the detective's hearing testimony that she simply asked the victim to view a lineup, could not have materially affected the suppression ruling (see People v Rodriguez, 64 NY2d 738, 740 [1984]).
We find the sentence excessive to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2021